MORGAN, LEWIS & BOCKIUS LLP
REBECCA D. EISEN (SBN 96129)
reisen@morganlewis.com
One Market Place
Spear Street Tower
San Francisco, CA 94105-1126
Tel:  415.442.1000 / Fax:  415.442.1177

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, (SBN 119513)
jbattenfeld@morganlewis.com
KATHRYN T. McGUIGAN, (SBN 232112)
kmcguigan@morganlewis.com
300 South Grand Avenue, Twenty-Second  Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500 / Fax:  213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER WHITE, (SBN 166504)
jennifer.white@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000 / Fax:  949.399.7001

Attorneys for Defendants
MAXIM HEALTHCARE SERVICES, INC., ASHLEY
BLANKENSHIP, and ALVIN TAGAYUN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER JESKE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MAXIM HEALTHCARE SERVICES, INC., a California Corporation; ASHLEY BLANKENSHIP, an individual; ALVIN TAGAYUN, an individual, and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 1:11-cv-01838-LJO -JLT<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS MAXIM HEALTHCARE SERVICES, INC., ASHLEY BLANKENSHIP, AND ALVIN TAGAYUN TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FRCP 9(b) and 12(b)(6)]**<br><br>[Request for Judicial Notice and (Proposed) Order Filed Concurrently Herewith]<br><br>Date:          January 13, 2012<br>Time:         8:30 a.m.<br>Courtroom:  4<br>Judge:        Lawrence J. O'Neill |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DB2/ 22823345.1

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on January 13, 2012 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Lawrence J. O'Neill,  in Courtroom 4 of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, Defendants Maxim Healthcare Services, Inc., Ashley Blankenship, and Alvin Tagayun will and hereby do move this Court for an Order dismissing this action in its entirety with prejudice, pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This Motion is made on the grounds that the claims set forth in the Complaint fail to meet the pleadings standards enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). As set forth in the accompanying memorandum, the Court should dismiss Plaintiff's insufficiently pleaded claims. Furthermore, Plaintiff's Private Attorneys General Act ("PAGA") claims should be dismissed for failure to adequately allege the required elements of FRCP Rule 23.

The Court should also dismiss the Sixth, Ninth, and Tenth Causes of Action as alleged against individual defendants Blankenship and Tagayun on the grounds that they are not alleged to be Plaintiff's employer nor are they sufficiently alleged to be corporate agents, officers, or directors with responsibility for Maxim's wage and hour policies and procedures.

Defendants' Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the files and records in this action, and on such other and further argument and evidence as may be presented at or before the hearing on this matter.

Dated:  November 30, 2011

MORGAN, LEWIS & BOCKIUS LLP
REBECCA D. EISEN
JOHN S. BATTENFELD
JENNIFER WHITE
KATHRYN T. McGUIGAN

By____/s/ Kathryn T McGuigan____
    KATHRYN T. McGUIGAN
    Attorneys for Defendants
    MAXIM HEALTHCARE SERVICES, INC.,
    ASHLEY BLANKENSHIP and ALVIN
    TAGAYUN

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     THE COMPLAINT  FAILS TO MEET FEDERAL PLEADING STANDARDS
        UNDER TWOMBLY AND IQBAL ........................................................... 2

        A.      PLAINTIFF'S FIRST THROUGH FOURTH, SIXTH, AND SEVENTH
                CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE
                ALLEGATIONS ARE FACTUALLY INSUFFICIENT AND
                CONCLUSORY ................................................................................... 3

                1.      There Is No Private Right Of Action Under Labor Code § 204; The
                        First Claim Must Be Dismissed .............................................. 3

                2.      Plaintiff's Second Claim For Meal Period Premiums Fails To
                        Comply With FRCP Rule 8 Pleading Standards ........................ 4

                3.      Plaintiff's Third Claim For Rest Period Premiums Fails To Comply
                        With FRCP Rule 8 Pleading Standards ..................................... 5

                4.      The Fourth Claim For Waiting Time Penalties Does Not Meet
                        Twombly Standards .................................................................... 6

                5.      Plaintiff Has Not Sufficiently Alleged A Claim For Unlawful
                        Business Practices ..................................................................... 6

                6.      The Seventh Claim For Wrongful Termination Does Not Comply
                        With FRCP Rule 8 Pleading Standards ..................................... 8

        B.      PLAINTIFF'S FIFTH CLAIM SHOULD BE DISMISSED BECAUSE
                PLAINTIFF FAILS TO SATISFY THE HEIGHTENED PLEADING
                REQUIREMENTS FOR FRAUD CLAIMS ......................................... 9

        C.      PLAINTIFF'S EIGHTH THROUGH EIGHTEENTH CAUSES OF
                ACTION FOR VIOLATIONS UNDER PAGA SHOULD BE
                DISMISSED ..................................................................................... 10

                1.      Plaintiff Has Insufficiently Alleged Exhaustion, a Required
                        Element of All Her PAGA Claims ........................................... 11

                2.      Plaintiff Fails to Define "Aggrieved Employees" or Affirmatively
                        State That She is Herself an Aggrieved Employee as to the Claims
                        She Brings ............................................................................... 12

                3.      Plaintiff's Eighth Cause of Action Does Not Meet The Pleading
                        Standards of Rule 8 ................................................................ 13

                4.      Plaintiff's Ninth and Tenth Causes of Action Are Deficient .... 14

                5.      Plaintiff's Eleventh through Fifteenth Causes of Action Do Not
                        Meet The Pleading Standards of Rule 8 ................................. 14

                6.      Plaintiff's Sixteenth Cause of Action Does Not Meet The Pleading
                        Standards of Rule 8 ................................................................ 16

                7.      Plaintiff's Seventeenth Cause of Action Is Not Sufficiently Pleaded ....... 19

                8.      PAGA Penalties Are Not Available Under Labor Code
                        Section 2350 ........................................................................... 20

        D.      PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS
                ESTABLISHING RULE 23 REQUIREMENTS .................................. 20

**TABLE OF CONTENTS**
(continued)

Page

E.   THE COMPLAINT SHOULD BE DISMISSED AGAINST BLANKENSHIP AND TAGAYUN BECAUSE IT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THEM ........................................................................................... 22

1.   Plaintiff's UCL Claim Against Blankenship and Tagayun Fails ............. 22

2.   Plaintiff Cannot Sustain PAGA Claims Against The Individual Defendants ............................................................................................. 23

III.   CONCLUSION ........................................................................................... 25

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Adams v. Luxittica U.S. Holdings Corp.*,
No. SA CV 07-1465 AHS, 2009 U.S. Dist. LEXIS 130660 (C.D. Cal. July 24, 2009) ........ 21

*Anderson v. Blockbuster, Inc.*,
Case No. 2:10-CV-00158, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010)............... 5

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ................................................................................................... passim

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................ passim

*Benitez v. Wilbur*,
No. CV F 08-1122 LJO GSA2009, U.S. Dist. LEXIS 15018 (E.D. Cal. Feb. 26, 2009) ....... 21

*Brown v. Fed. Express Corp.*,
249 F.R.D. 580 (C.D. Cal. 2008) ..................................................................................... 18, 19

*Barbara Buckland et al., v. Maxim Healthcare Services, Inc., et al.*
Case No. 2:11-sv-08414-GW-SS (C.D. Cal. 2011) ............................................................. 13

*Cardenas v. McLane Foodservice, Inc.*,
Case No. SA-CV 10-473 2011 U.S. Dist. LEXIS 13126 (C.D. Cal. Jan. 31, 2011).............. 11

*Deleon v. Time Warner Cable LLC*,
2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) ............................................. 5, 7, 12

*Denbicare U.S.A. Inc. v. Toys "R" US, Inc.*,
84 F.3d 1143 (9th Cir. 1996).................................................................................................... 7

*Gabriella v. Wells Fargo Fin, Inc.*,
No. C 06-4347 SI, 2008 U.S. Dist. LEXIS 63118 (N.D. Cal. Aug. 4, 2008) ........................ 18

*Green v. Bank of America N.A., et al.*,
No. CV 11-45751-R (C.D. Cal.) (Real, J.), *appeal docketed,* No. 11-56365 (9th Cir.
Aug. 14, 2011) ................................................................................................................. 17, 19

*Gutierrez v. Aaron's Inc.*,
Case No. 2:10-cv-02417, 2010 U.S. Dist. LEXIS 126828 (E.D. Cal. Nov. 30, 2010)..... 4, 5, 7

*Harding v. Time Warner, Inc.*,
Case No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. August 18,
2009) ..................................................................................................................................... 12

**TABLE OF AUTHORITIES**
(continued)

Page

*Harding v. Time Warner, Inc.*,
   Case No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. January 26, 2010) .......................................................................................................................... 12

*Helm v. Alderwoods Group, Inc.*,
   696 F. Supp. 2d 1057 (N.D. Cal. 2009) ................................................................. 24

*In re Graphics Processing Units Antitrust Litig.*,
   Case No. C 06-07417, 2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007) ................... 2

*Ivey v. Apogen Technologies, Inc.*,
   No. 11-cv-366-DMS-NLS, 2011 U.S. Dist. LEXIS 89432 (S.D. Cal. Aug. 10, 2011) .......... 21

*Johnson v. Hewlett-Packard Co.*,
   Case No. C 09-03596 CRB, 2011 U.S. Dist. LEXIS 89955 (N.D. Cal. August 12, 2010) ............................................................................................................................ 4

*Jones v. Casey's Gen. Stores*,
   538 F. Supp. 2d 1094 ............................................................................................... 12

*Kenny v. Supercuts, Inc.*,
   252 F.R.D. 641 (N.D. Cal. 2008) ........................................................................... 18

*Kimoto v. McDonald's Corps.*,
   No. CV 06-3032 PSG, 2008 U.S. Dist. LEXIS 86203 (C.D. Cal. Aug. 19, 2008) ................ 18

*Kohler v. Hyatt Corp.*,
   No. EDCV 07-782-VAP, 2008 U.S. Dist. LEXIS 63392 (C.D. Cal. Jul. 28, 2008) .............. 18

*Lopez v. G.A.T. Airline Ground Support, Inc.*,
   No. 09cv2268-IEG(BGS), 2010 U.S. Dist. LEXIS 95636 (S.D. Cal. Sept. 13, 2010) .......... 18

*Machado v. M.A.T. & Sons Landscape, Inc.*,
   No. C09-0459 JAM JFM, 2009 U.S. Dist. LEXIS 63414 (E.D. Cal. July 23, 2009) ............ 13

*Martinez v. Antique & Salvage Liquidators, Inc.*,
   No. C09-00997, 2011 U.S. Dist. LEXIS 19198 (N.D. Cal. February 25, 2011) ................... 24

*Mell v. GNC Corp*,
   2010 U.S. Dist. LEXIS 118938 (W.D.Pa. Nov. 9, 2010) ........................................... 6

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) .................................................................................... 10

*Neilson v. Union Bank of Cal., N.A.*,
   290 F.Supp.2d 1101 (C.D. Cal. 2003) ...................................................................... 9

-ii-

**TABLE OF AUTHORITIES**
(continued)

Page

*Neubronner v. Milken,*
     6 F.3d 666 (9th Cir. 1993)..................................................................................... 10

*Ochoa-Hernandez v. Cjaders Foods, Inc.,*
     No. C 08-02073 MHP, 2009 U.S. Dist. LEXIS 42481 (N.D. Cal. May 18, 2009)................ 24

*Ontiveros v. Zamora,*
     No. CIV. S-08-567, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. Feb. 20, 2009) ..................... 24

*Perez v. Safety-Kleen Sys., Inc.,*
     253 F.R.D. 508 (N.D. Cal. 2008)........................................................................... 18

*Pickern v. Pier 1 Imps. (U.S.), Inc.,*
     457 F.3d 963 (9th Cir. 2006).................................................................................. 13

*Poland v. Chertoff,*
     494 F.3d 1174 (9th Cir. 2007)................................................................................. 8

*Reese v. BP Exploration (Alaska) Inc.,*
     643 F.3d 681 (9th Cir. 2011)................................................................................. 10

*Renick v. Dun & Bradstreet Receivable Management Services,*
     290 F.3d 1055 (9th Cir. 2002)................................................................................. 7

*Rubin v. Wal-Mart Stores, Inc.,*
     599 F. Supp. 2d 1176 (N.D. Cal. 2009) ..................................................................... 8

*Rugambwa v. Betten Motor Sales,*
     200 F.R.D. 358 (W.D. Mich. 2001) ........................................................................ 21

*Salazar v. Avis Budget Group. Inc.,*
     251 F.R.D. 529 (S.D. Cal. 2008)............................................................................ 18

*Satterwhite v. Smith,*
     744 F.2d 1380 (9th Cir. 1984)................................................................................. 8

*Schneider v. Space Systems/Loral, Inc.,*
     2011 U.S. Dist. LEXIS 104414 (N.D. Cal. Sept. 15, 2011) ................................................ 4

*Singer v. Becton, Dickinson and Co.,*
     No. 08cv821 IEG (BLM), 2008 U.S. Dist. LEXIS 56326 (S.D. Cal. July 25, 2008).............. 3

*Student Loan Marketing Ass'n v. Hanes,*
     181 F.R.D. 629 (S.D. Cal. 1998)............................................................................ 17

*Swartz v. KPMG LLP,*
     476 F.3d 756 (9th Cir. 2007)................................................................................. 10

-iii-

**TABLE OF AUTHORITIES**
(continued)

Page

*Thompson v. APM Terminals Pacific Ltd.*,
  No. No. C 10-00677 JSW, 2010 U.S. Dist. LEXIS 142537 (N.D. Cal. August 26,
  2010) ........................................................................................................................... 21

*Washington v. Joe's Crab Shack*,
  271 F.R.D. 629 (N.D. Cal. 2010) .......................................................................... 18

*Wass v. Npc Int'l*,
  No. 09-2254-JWL, 2010 U.S. Dist. LEXIS 143474 (D.Kan. June 24, 2010) ........................ 21

*Weigele v. FedEx Ground Package Sys.*,
  No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475 (S.D. Cal. Nov. 15,
  2010) ..................................................................................................................... 5, 7, 11

*White v. Starbucks Corp.*,
  497 F. Supp. 2d 1080 (N.D. Cal. 2007) ................................................................. 18

*White v. Starbucks Corp.*,
  497 F. Supp. 2d 1080,1087-89 (N.D. Cal. 2007) ................................................... 18

*Wong v. AT & T Mobility Servs. LLC*,
  No. CV 10-8869-GW(FMOx), 2011 U.S. Dist. LEXIS 125988 (C.D. Cal. Oct. 20,
  2011) ...................................................................................................................... 18

**CALIFORNIA CASES**

*Arias v. Superior Court*,
  46 Cal. 4th 969 (2009) ........................................................................................... 11

*Blanks v. Seyfarth Shaw LLP*,
  171 Cal. App. 4th 336 (Cal. App. 2d Dist. 2009) ................................................. 11

*Brinker Restaurant Corp. v. Sup. Ct.*,
  196 P.3d 216, 85 Cal. Rptr. 3d 688 (Oct. 22, 2008) ............................................. 17

*Brinkley (Fred) v. Public Storage*,
  198 P.3d 1087, 87 Cal. Rptr. 3d 674 (Jan. 14, 2009) ............................................ 17

*Cadlo v. Owens–Illinois, Inc.*,
  125 Cal.App.4th 513 (2004) ................................................................................... 9

*Cortez v. Purolator Air Filtration Products Co.*,
  23 Cal. 4th 163 (2000) ........................................................................................... 22

*Earley v.Superior Court*,
  79 Cal.App.4th 1420 ........................................................................................... 4, 6

# TABLE OF AUTHORITIES
(continued)

Page

*Futrell v. Payday California, Inc.,*
  190 Cal. App. 4th 1419 (2010) ....................................................................... 23

*Green v. Ralee Eng'g Co.,*
  19 Cal. 4th 66 (1998) .......................................................................................... 9

*In re Application of Moffett,*
  19 Cal. App. 2d 7 (1937) .................................................................................... 3

*Jones v. Gregory,*
  137 Cal. App. 4th 798 (2006) ................................................................... 22, 23

*Lazar v. Hertz Corp.,*
  69 Cal. App. 4th 1494 (1999) ......................................................................... 22

*Martinez v. Combs,*
  49 Cal. 4th 35 (2010) ....................................................................................... 23

*Murphy v. Kenneth Cole Productions, Inc.,*
  40 Cal.4th 1094 (2007) .................................................................................... 14

*People v. Duz-Mor Diagnostive Lab, Inc.,*
  68 Cal. App. 4th 654 (1998) ........................................................................... 22

*Pineda v. Bank of America,*
  50 Cal. 4th 1389 (2010) ..................................................................................... 8

*Price v. Starbucks Corp.,*
  192 Cal. App. 4th 1136 (2011) .......................................................................... 8

*Reynolds v. Bement,*
  36 Cal.4th 1075 (2005) ............................................................................... 22, 23

*Seymore v. Metson Marine, Inc.,*
  194 Cal. App. 4th 361 (2011) ......................................................................... 17

*Stevenson v. Superior Court,*
  16 Cal. 4th 880 (1997) ........................................................................................ 9

*Turner v. Anheuser–Busch, Inc.,*
  7 Cal. 4th 1238 (1994) ........................................................................................ 9

*Vicko Ins. Serv. Ins. v. Ohio Indem. Co.,*
  70 Cal. App. 4th 55 (1999) .......................................................................... 4, 20

## CALIFORNIA STATUTES

Cal. Lab. Code § 201 ............................................................................................. 4

# TABLE OF AUTHORITIES
(continued)

**Page**

Cal. Lab. Code § 202 ........................................................................................................ 4

Cal. Lab. Code § 203 .............................................................................................. 4, 6, 8

Cal. Lab. Code § 210 ........................................................................................................ 3

Cal. Lab. Code § 226. ................................................................................... 4, 5, 14, 15, 23

Cal. Lab. Code § 512 ............................................................................................. 4, 17, 23

Cal. Lab. Code § 558 ............................................................................................... 23, 24

Cal. Civ. Code  § 1709 ..................................................................................................... 9

Cal. Civ. Code  § 1710 ..................................................................................................... 9

Cal. Lab. Code § 1194 ..................................................................................................... 23

Cal. Lab. Code § 2350 ..................................................................................................... 20

Cal. Lab. Code § 2355 ..................................................................................................... 20

Cal. Lab. Code § 2699 ....................................................................................... 10, 11, 20

Cal. Civ. Code  § 3294 ..................................................................................................... 9

Cal. Bus. & Prof. Code § 17200. ...................................................................................... 22

**OTHER AUTHORITIES**

Fed. Rule Civ. Proc., Rule 8 .................................................................................... passim

Fed. Rule Civ. Proc., Rule 9 .................................................................................. 2, 9, 10

Fed. Rule Civ. Proc., Rule 12 ............................................................................................ 2

Fed. Rule Civ. Proc., Rule 23 ................................................................................ 20, 21, 22

Industrial Welfare Commission, Wage Order 4-2001 ........................................... 16, 17, 19

## I.    **INTRODUCTION**

Plaintiff Jennifer Jeske ("Plaintiff") has alleged eighteen causes of action against her former employer, Defendant  Maxim Healthcare Services, Inc. ("Maxim"), three of which are also asserted against two Maxim employees, Ashley Blankenship ("Blankenship"), a human resources assistant, and Alvin Tagayun ("Tagayun"), an account manager (collectively "Defendants").

Plaintiff brings seven causes of action on her own behalf, and eleven on behalf of other Maxim employees, but despite the number of claims and the forty-four pages of the Complaint, Plaintiff alleges virtually **no** facts in support of her allegations.  Indeed, about the only facts Plaintiff does allege are: (1) she was employed by Maxim as a certified nursing assistant assigned to work at Wasco State Prison (Complaint, ¶22); (2) Maxim is a Maryland Corporation (Complaint, ¶1); and (3) Wasco State Prison is a Maxim client.  (Complaint, ¶4).

On her own behalf, Plaintiff alleges she was not provided proper meal and rest periods and thus was not timely paid premium wages.  She also claims she was defrauded into coming to work for Maxim and then wrongfully terminated.  Plaintiff provides no factual allegations sufficient to support her claims in this action.  Plaintiff cites applicable law and parrots it as fact. However, the Complaint contains no substantive facts and includes only conclusory and boilerplate statements insufficient to support the claims alleged by Plaintiff.

On behalf of a group of undefined "aggrieved employees," Plaintiff seeks penalties under the California Private Attorneys General Act, ("PAGA") claiming again that she and also others were not provided proper meal and rest periods, but additionally claiming failure to provide seats, failure to maintain an adequate temperature in the workplace, and failure to provide sanitary restrooms, and failure to provide accurate wage statements.  Again, the claims are made only by citing statutes and alleging conclusions without sufficient factual support.

As to defendants Blankenship and Tagayun, Plaintiff alleges they are liable to her personally, under the California Unfair Competition Law, and to the "aggrieved employees" for PAGA penalties for missed meal and rest periods.  No factual support is provided as to the claims asserted against these two individual defendants either.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MOTION TO DISMISS

DB2/ 22823345.1

1    Because the mere recitation of legal elements of each cause of action, without more, is

2    insufficient to state a claim as held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

3    *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), Plaintiff's Complaint fails to meet the minimum federal

4    pleading standards required to state a right to relief under Federal Rules of Civil Procedure

5    ("FRCP") Rules 8 and 9, and all her claims should be dismissed.

6    ## II.    THE COMPLAINT  FAILS TO MEET FEDERAL PLEADING STANDARDS UNDER TWOMBLY AND IQBAL

7    A complaint can survive a motion to dismiss under FRCP 12(b)(6) only where the

8    plaintiff alleges "***enough facts*** to state a claim for relief that is plausible on its face." *Twombly*,

9    550 U.S. at 570 (emphasis added).  If the allegations do not move the "claims across the line from

10   conceivable to plausible, [the] complaint must be dismissed." *Id.*  The Supreme Court made clear

11   that it is not proper to assume that a plaintiff can prove facts not alleged in the complaint or that

12   the defendants have violated laws in ways not alleged.  *See id.* at 563, n. 8.  A plaintiff must

13   include factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* at

14   555.  Factual allegations must "possess enough heft to show that the pleader is entitled to relief."

15   *Id.* at 545 (citations omitted).  Legal conclusions must be supported by factual allegations. *Iqbal*,

16   129 S. Ct. at 1950 (2009).  "Threadbare recitals of the elements of a cause of action, supported by

17   mere conclusory statements, do not suffice." *Id.* at 1949.

18   The purpose of testing a pleading pursuant to *Twombly* and *Iqbal* is to ensure that the

19   plaintiff suffered an injury for which liability is plausible.  The plaintiff must first plausibly allege

20   that she was actually injured before forcing the parties and the court to embark on long and

21   expensive litigation.  *Twombly*, 550 U.S. at 559 (explaining that it is only by requiring sufficient

22   detail in the pleadings "that we can hope to avoid the potentially enormous expense of discovery

23   in cases with no reasonably founded hope that the [discovery] process will reveal relevant

24   evidence."); *In re Graphics Processing Units Antitrust Litig.*, Case No. C 06-07417, 2007 U.S.

25   Dist. LEXIS 57982, *21-23 (N.D. Cal. July 24, 2007) (explaining that allowing discovery prior to

26   determining the sufficiency of allegations in cases involving potentially burdensome discovery

27   would "defeat one of the rationales of *Twombly*").  "[W]hen the allegations in a complaint,

28   however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be

1  exposed at the point of minimum expenditure of time and money by the parties and the court.'"

2  *Twombly*, 550 U.S. at 558 (citation omitted).  Dismissal of claims failing to meet the *Twombly*

3  standard is especially vital for cases in which the threat of "sprawling, costly, and hugely time-

4  consuming" discovery "will push cost-conscious defendants to settle even anemic cases."  *Id*. at

5  559, 560 n.6.

6       Here, application of the standards described in *Twombly* and *Iqbal* to Plaintiff's

7  Complaint makes clear that this Court should dismiss Plaintiff's Complaint in its entirety for

8  failing to meet minimal pleading standards.

9      A.    **PLAINTIFF'S FIRST THROUGH FOURTH, SIXTH, AND SEVENTH**

10  **CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE**
    **ALLEGATIONS ARE FACTUALLY INSUFFICIENT AND**

11  **CONCLUSORY**
       1.    **There Is No Private Right Of Action Under Labor Code § 204; The**

12  **First Claim Must Be Dismissed.**

13      In her First Cause of Action, Plaintiff alleges that Maxim violated Cal. Labor Code § 204

14  because it "failed to make payment of all wages earned by Plaintiff."  Plaintiff alleges that she

15  "was not paid for her meal and rest period wages" and was not paid "waiting time penalties."

16  (Complaint, ¶ 38).  Section 204, however, requires that wages earned during employment be paid

17  at certain intervals; it does not provide any right to wages, as such.  *See Singer v. Becton,*

18  *Dickinson and Co.*, No. 08cv821 IEG (BLM), 2008 U.S. Dist. LEXIS 56326, *8 (S.D. Cal. July

19  25, 2008); *In re Application of Moffett*, 19 Cal. App. 2d 7, 13 (1937) (Section 204 is only a timing

20  provision; it does not create any substantive right to the payment of wages.)

21      The remedy for violation of section 204 is found solely in section 210 of the Labor Code,

22  which provides that "every person who fails to pay the wages of each employee as provided in

23  Section[ ]… 204 . . . shall be subject to a civil penalty…."  Cal. Labor Code § 210.  Section 210

24  goes on to state that "[t]he penalty shall be recovered <u>by the Labor Commissioner</u> as part of a

25  hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent

26  civil action . . . brought in the name of the people of the State of California and the Labor

27  Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in

28  bringing these actions."  *Id.* (Emphasis added.)

As a result, there is no private right of action under section 204[1]  A private right of action exists if the statute, in "clear, understandable, unmistakable terms," indicates an intent to create such a right.  *Vicko Ins. Serv. Ins. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999).  There is nothing in section 204 or 210 that indicates, in "clear, understandable, unmistakable terms," that a private right of action exists for violations of section 204.  *Johnson v. Hewlett-Packard Co.*, Case No. C 09-03596 CRB,  2011 U.S. Dist. LEXIS 89955, *58 (N.D. Cal. August 12, 2010). Accordingly, the section 204 claim alleged in paragraphs 32 to 39 of the Complaint must be dismissed.

**2.     Plaintiff's Second Claim For Meal Period Premiums Fails To Comply With FRCP Rule 8 Pleading Standards**

Plaintiff pleads no factual basis for her second claim alleging that Maxim failed to provide her with required meal periods.  Of the eight paragraphs setting forth this claim, one merely incorporates by reference other paragraphs and five simply recite the language of the statutes and Industrial Welfare CommissionWage Order 4-2001.  (Complaint, ¶¶ 40-48).  The claim is stated in conclusory language, without any specific facts: "Defendants failed to provide Plaintiff with the required meal periods for numerous days worked.  Plaintiff worked for more than 6 hours per day without a meal break.  In addition, the employer failed to keep proper records for any meal breaks that were actually taken or that were not taken."  (Complaint, ¶ 46).  "Such 'naked assertions devoid of further factual enhancement' are insufficient to state a claim" under Cal. Labor Code sections 226.7 and 512.  *Schneider v. Space Systems/Loral, Inc.,* 2011 U.S. Dist. LEXIS 104414, *6 (N.D. Cal. Sept. 15, 2011) (quoting *Iqbal*, 129 S.Ct. at 1949) (dismissing meal and rest break claims due to conclusory allegations).

Similarly deficient allegations of meal period violations have all resulted in dismissal of such claims.  *Gutierrez v. Aaron's Inc.,* Case No. 2:10-cv-02417, 2010 U.S. Dist. LEXIS 126828, *8 (E.D. Cal. Nov. 30, 2010) (dismissing meal period claim because it contained only "a

---

[1]  And there is no right to recover meal or rest period premiums or final wages under Section 204 in any case.  Meal and rest period premiums are statutorily mandated payments.  Labor Code § 226.7.They are not the contractually agreed upon "wages" to which Section 204 applies.  *See Earley v.Superior Court*, 79 Cal.App.4th 1420, 1430. Similarly, the timing of final wage payments are governed by Section 201 and 202 of the Labor Code; the remedy for late payment is under § 203, not Labor Code section 204.

recitation of the applicable law followed by a legal conclusion referencing Defendant"); *Weigele v. FedEx Ground Package Sys.,* No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475,*11-12 (S.D. Cal. Nov. 15, 2010) (finding the following allegations insufficient: "…Defendant required Plaintiffs to work…without being giving a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours…Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7"); *Anderson v. Blockbuster, Inc.,* Case No. 2:10-CV-00158, 2010 U.S. Dist. LEXIS 53854, at * 7 (E.D. Cal. May 4, 2010) (dismissing meal and rest period claims where plaintiff alleged "no more than conclusions"); and *Deleon v. Time Warner Cable LLC*, 2009 U.S. Dist. LEXIS 74345, at *6 (C.D. Cal. July 17, 2009) (granting motion to dismiss where the plaintiff simply parroted the statutory language of 226.7).

Plaintiff must allege sufficient facts so that Maxim does not have to guess what it purportedly did wrong *vis-a-vis* Plaintiff's meal periods.  She has failed to do so here, and the Court should dismiss Plaintiff's second claim.

### 3.    <u>Plaintiff's Third Claim For Rest Period Premiums Fails To Comply With FRCP Rule 8 Pleading Standards</u>

Plaintiff's rest period claim is similarly devoid of facts and is also comprised entirely of "a recitation of applicable law" and "legal conclusions referencing Defendant."  Plaintiff alleges only that "Defendants failed to provide Plaintiff with the rest periods at the rate of ten minutes net rest time per four hours of work or major fraction thereof."  Similar deficient pleadings have resulted in dismissal.  *See Gutierrez*, 2010 U.S. Dist. LEXIS 126828, at *7-8 ("With only a legal conclusion and limited factual allegations supporting the claim, Plaintiff has merely alleged a suspicion of a right to relief.  He has not nudged his claim across the line from conceivable to plausible."); *Weigele*, 2010 U.S. Dist. LEXIS 120475 at *12-13 (finding the following allegations insufficient: "… Defendant required Plaintiffs to work without being given paid ten minute rest periods for every four hours or major fraction thereof… Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7").

Again, Plaintiff's allegations do not apprise Defendants of how rest periods were allegedly not made available.  Defendant's motion to dismiss the Third Claim should be granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.      The Fourth Claim For Waiting Time Penalties Does Not Meet *Twombly* Standards

Plaintiff's fourth cause of action, which seeks penalties under Labor Code section 203 -- presumably for willful failure to pay final wages timely upon termination -- does not satisfy the *Twombly* pleading standard.  Section 203 provides a penalty if earned wages are willfully withheld upon termination.  Plaintiff does not allege what wages[2] were earned and unpaid at the time of her termination.  She does not allege how and in what manner a final wage payment was untimely under Section 201 or 202.  Plaintiff does not even specify whether she quit and provided the requisite 72 hours notice under Section 201, or was terminated by Defendant under Section 202.

Plaintiff has additionally failed to plead any facts to support Section 203's willfulness requirement.  Cal. Lab. Code §203 ("If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits…"   Plaintiff has not pled any details about Defendant's alleged failure to timely pay final wages, let alone facts from which the Court could infer that the untimeliness was willful.  *Cf. Mell v. GNC Corp*, 2010 U.S. Dist. LEXIS 118938, *25-26 (W.D.Pa. Nov. 9, 2010) (plaintiff's allegations that wage violations were "knowing" and "willful" inadequately pled a § 203 violation.  "[T]here [were] no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.").  The Court should thus dismiss Plaintiff's fourth claim alleging entitlement to Section 203 waiting time penalties.

### 5.      Plaintiff Has Not Sufficiently Alleged A Claim For Unlawful Business Practices

Plaintiffs' Sixth Cause of Action for Violation of Business & Professions Code section 17200 must also be dismissed.  First, this claim depends entirely on Plaintiff's otherwise untenable claims.  Because she has not stated a claim for relief under any of her substantive

---

[2] In fact, the only unpaid "wages" referenced elsewhere in the Complaint are the allegedly unpaid meal and rest period premiums which are not "wages" within the meaning of Section 203 and therefore, are not subject to waiting time penalties.  (Complaint, ¶ 62); *see Earley v. Superior Court,* 79 Cal. App. 4th 1420, 1430 (2000).

1  claims that could possibly support a UCL claim (*i.e.,* causes of action one through four), the

2  Court must dismiss the derivative sixth cause of action as well.

3       Second, Plaintiff does not specify which alleged violations of law are the "unlawful

4  business acts or practices."  Plaintiff merely states in conclusory fashion that the alleged

5  "violations of the Labor Code. . . constitute unlawful business, acts or practices" and "Defendants

6  have been unjustly enriched as a result of Defendants' unlawful business practices."  (Complaint,

7  ¶ ¶ 77, 79).  Plaintiff's failure to specify the alleged unlawful acts that support this claim renders

8  it defective.

9       To state a § 17200 claim, Plaintiff must allege material facts which, if established,

10 demonstrate Defendants violated a California or federal labor law which authorizes restitution.

11 *Iqbal,* 129 S. Ct. at 1950; *Twombly,* 550 U.S. at 555; *Renick v. Dun & Bradstreet Receivable*

12 *Management Services,* 290 F.3d 1055, 1058 (9th Cir. 2002) (Section 17200 generally requires the

13 plaintiff to establish a violation of an underlying statute); *Denbicare U.S.A. Inc. v. Toys "R" US,*

14 *Inc.,* 84 F.3d 1143, 1152-1153 (9th Cir. 1996) (a cause of action for an alleged violation of

15 Section 17200 cannot be sustained absent a violation of an underlying statute).  The Complaint

16 here alleges only that Plaintiff worked for Maxim as a certified nursing assistant and her

17 employment ended sometime in October 2010.  (FAC ¶ 20, 23).  Plaintiff has not alleged any

18 **facts** establishing that she was:  (1) not properly provided meal and rest periods; (2) not properly

19 paid for meal and rest periods not provided; or (3) not properly paid any other amounts.

20      As demonstrated above, the allegations in Plaintiff's Complaint in support of her first

21 through fourth causes of action are no more than recitations of the law or legal conclusions that

22 do <u>not</u> provide a factual basis for Plaintiff's claim.  *Deleon, supra,* 2009 U.S. Dist. LEXIS 74345,

23 *7-8 (allegations consisting of nothing more than statements of law do not constitute factual

24 allegations necessary to establish a cause of action).

25      The Court therefore should dismiss Plaintiff's sixth claim for unfair business practices.

26 *See Gutierrez,* 2010 U.S. Dist. LEXIS 126828, at *8-9 (dismissing derivative unfair competition

27 claim because underlying causes of action were insufficient to meet pleading requirements);

28 *Weigele,* 2010 U.S. Dist. LEXIS 120475, at *13 n. 4 ("Because Plaintiffs' unfair competition

1  claim derives from their overtime claims and meal and rest period claims the unfair competition

2  claim fails if the other claims fail."); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1147

3  (N.D. Cal. 2009) (holding that where claims for violations of the Labor Code failed, derivative

4  UCL claims also failed); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011)

5  ("Because the underlying causes of action [under the Labor Code] fail, the derivative UCL and

6  PAGA claims also fail.")[3]

### 6.    The Seventh Claim For Wrongful Termination Does Not Comply With FRCP Rule 8 Pleading Standards

8  In her Seventh Cause of Action, Plaintiff alleges that "Defendants constructively

9  discharged Plaintiff in retaliation for asserting her statutory rights and resisting employer's

10  violations of laws that secure important public policies."  (Complaint, ¶ 82.)  Plaintiff goes on to

11  allege that "[i]n general, Plaintiff believes that she was labeled a 'troublemaker' and ultimately,

12  was constructively recharged (sic)."  *Id.*

13  Under the constructive discharge doctrine, an employee who quit but claims she was

14  wrongfully terminated can proceed with her claim only by establishing that working conditions

15  became so intolerable that a reasonable person in the employee's position would have felt

16  compelled to resign.  *Poland v. Chertoff*, 494 F.3d 1174, 1182-84 (9th Cir. 2007).  A plaintiff

17  alleging a constructive discharge must show aggravating factors which precipitated the

18  resignation, such as a continuous pattern of discriminatory treatment.  *Satterwhite v. Smith,* 744

19  F.2d 1380, 1381 (9th Cir. 1984).

20  Plaintiff  alleges no facts whatsoever that she was forced to quit – i.e. – because of

21  intolerable working conditions.  She merely provides the conclusion that she was "constructively

22  discharged." (Complaint, ¶ 82.)

23  Nor does Plaintiff assert the remaining elements of her claim. In order to state a claim for

24  wrongful termination in violation of public policy, Plaintiff--in addition to properly alleging a

25  termination (which Plaintiff does not do)--must also meet four requirements: "First, the policy

26  _____

[3] Plaintiff's first cause of action under section 204 and fourth cause of action under section 203 cannot

27  support a §17200 cause of action in any event.  Section 204 violations give rise to <u>penalties</u> under Section 210 and Sections 201 and 202 violations give rise to <u>penalties</u> under Section 203.  Penalties are not the proper subject of restitution under §17200. See *Pineda v. Bank of America*, 50 Cal. 4th 1389, 1401-02

28  (2010) ("We thus hold section 203 penalties cannot be recovered as restitution under the UCL").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 22823345.1                    MOTION TO DISMISS

must be supported by either constitutional or statutory provisions.  Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual.  Third, the policy must have been articulated at the time of the discharge.  Fourth, the policy must be 'fundamental' and 'substantial.'" *Stevenson v. Superior Court*, 16 Cal. 4th 880, 887-90 (1997).

Here, Plaintiff's claim does not allege even the first element -- *i.e.,* -- that Defendants violated a specific constitutional or statutory provision.  Plaintiff alleges only that "Defendants' discharge was against the public policy of the State of California as evidenced by the enactment of the Labor Code provisions and Wage Orders."  (Complaint ¶ 83.)

Because Plaintiff fails to allege the aggravating factors that caused her to quit and fails to tether the allegedly violated public policy to any specific constitutional or statutory provision, her claim is insufficiently pled and should be dismissed.  *See, Green v. Ralee Eng'g Co*., 19 Cal. 4th 66, 84 (1998); *Stevenson*, 16 Cal. 4th at 889; *Turner v. Anheuser–Busch, Inc.*, 7 Cal. 4th 1238, 1257 (1994).

B.   **PLAINTIFF'S FIFTH CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD CLAIMS**

Plaintiff styles her Fifth Cause of Action as "Fraud-Deceit and Misrepresentation." (Complaint, ¶ ¶ 64-74).  Plaintiff claims violations of California Civil Code sections 1709, 1710, and 3294.  (Complaint, ¶ ¶ 65-67.) Plaintiff alleges that when she was hired "Defendants promised…she would be earning $12 per hour" but Defendants agreed to pay her $11 per hour, and she was never given the $12 per hour originally promised.  (Complaint, ¶ 68.)

The required elements of a claim for fraud include:  (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  *See Cadlo v. Owens–Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004) (citation omitted).  "It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."  *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). Under the requirements of Rule 9(b), "'in alleging fraud or mistake, a party must state with

1 particularity the circumstances constituting fraud or mistake." FRCP 9(b). To satisfy Rule 9(b)'s

2 particularity requirement, a "complaint must specify such facts as the times, dates, places,

3 benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6

4 F.3d 666, 672 (9th Cir. 1993); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th

5 Cir. 1989)( "Rule 9(b) requires that the pleader state the time, place, and specific content of the

6 false representations as well as the identities of the parties to the misrepresentation"); *Swartz v.*

7 *KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (same).

8       Plaintiff does not come even close to satisfying Rule 9(b)'s stringent requirements. Far

9 from providing particularized allegations of each necessary element, Plaintiff simply pleads that

10 "Defendants intentionally misrepresented and made false promises." (Complaint, ¶70.) She

11 provides only legal conclusions and not one single fact to the effect that the promise of $12 per

12 hour was made with knowledge of its falsity and an intent to defraud Plaintiff. She does not even

13 allege that she relied in some way on a false promise or how that reliance damaged her. At the

14 very most, Plaintiff has alleged breach of a promise which is wholly inadequate. *See, e.g., Reese*

15 *v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 692 (9th Cir. 2011) (company's breach of contract

16 did not provide actionable misrepresentation supporting fraud claim) *citing Mills v. Polar*

17 *Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir.1993) ("The failure to carry out a promise…is

18 normally a breach of contract. It does not constitute fraud unless, when the promise was made,

19 the defendant secretly intended not to perform or knew that he could not perform.").

20       Plaintiff's Fifth Cause of Action does not satisfy Rule 9(b) and this Court should grant

21 Defendants' motion to dismiss it.

22     **C.**     **PLAINTIFF'S EIGHTH THROUGH EIGHTEENTH CAUSES OF ACTION FOR VIOLATIONS UNDER PAGA SHOULD BE DISMISSED**

23

24       By way of her Eighth through Eighteenth Causes of Action, Plaintiff attempts to bring

representative claims under the California Private Attorneys General Act ("PAGA") for civil

25 penalties, on behalf of other purportedly "aggrieved employees." An "aggrieved employee" may

26 bring a civil action on behalf of other current or former employees to recover any civil penalties

27 for Labor Code violations. Cal. Lab. Code §2699(a). PAGA defines "aggrieved employee" as

28

1    "any person who was employed by the alleged violator and against whom one or more of the

2    alleged violations was committed."  Cal. Lab. Code §2699(c).  A viable PAGA claim depends not

3    only on the Plaintiff being an "aggrieved employee" but on her proving a violation of the Labor

4    Code.  Cal. Lab. Code §2699(a), (f).  *See Arias v. Superior Court*, 46 Cal. 4th 969, 987 (2009)

5    ("Recovery of civil penalties under the act requires proof of a Labor Code violation...").  In

6    addition, to recover penalties on behalf of any other "aggrieved employee," Plaintiff must prove

7    Labor Code violations with respect to each of those "aggrieved employees."  *Cardenas v.*

8    *McLane Foodservice, Inc.*, Case No. SA-CV 10-473 2011 U.S. Dist. LEXIS 13126, *12  (C.D.

9    Cal. Jan. 31, 2011).  Plaintiff cannot recover on behalf of individuals whom Plaintiff has not

10   proved suffered a violation of the Labor Code by Defendant.

11   The PAGA allegations here "are paradigmatic examples of  threadbare recitals of the

12   elements of a cause of action, supported by mere conclusory statements."  *Weigele*, 2010 U.S.

13   Dist. LEXIS 12.0475 at *1. Plaintiff's PAGA causes of action are wholly devoid of factual

14   allegations and thus fail to provide the required factual support for Plaintiff's claims.  As shown

15   below, Plaintiff's Eighth through Eighteenth Causes of Action should be dismissed.

16   **1.    Plaintiff Has Insufficiently Alleged Exhaustion, a Required Element of All Her PAGA Claims**

17   Before an employee may file an action seeking to recover civil penalties for violations of

18   any of the Labor Code provisions enumerated in section 2699.5, she must comply with PAGA's

19   administrative procedures as set forth in section 2699.3 (a).  These include providing notice to the

20   LWDA and the employer of the "facts and theories to support the alleged violation" and waiting a

21   prescribed period of time to permit the LWDA to investigate and decide whether to cite the

22   employer for the alleged  violations. *Blanks v. Seyfarth Shaw LLP*, 171 Cal. App. 4th 336, 367-

23   368 (Cal. App. 2d Dist. 2009).

24   Plaintiff alleges that multiple practices of Defendant Maxim violated one or more

25   provisions of the California Labor Code or IWC Wage Orders, thereby giving rise to PAGA

26   penalties.  However, Plaintiff did not describe factually, in her notice to the LWDA,  the alleged

27   practices and how they impacted the aggrieved employees or even who was responsible for the

28   alleged practices–Maxim or its client Wasco State Prison where Plaintiff worked.  *See* Docket,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

11

No. 1-1, pages 51-61.  In short, Plaintiff has not properly exhausted her administrative remedies under PAGA and her eighth through eighteenth claims should be dismissed.

Even if Plaintiff had complied with the notice requirements of PAGA, where as here, a plaintiff's representative claims are based only on bald allegations that fail to describe a common policy or practice or to sufficiently allege the scope of the purportedly "aggrieved employees" at issue (other than to attempt to subsume everyone and anyone into a limitless definition), such allegations fail to satisfy Rule 8 and must be dismissed.  *Iqbal,* 127 S. Ct. at 1950-1; *Twombly*, 550 U.S. at 555); *Harding v. Time Warner, Inc.,* Case No. 09cv1212-WHQ-WMc,  2009 U.S. Dist. LEXIS 72851, *10-12 (S.D. Cal. August 18, 2009)(dismissing complaint that contained allegation that defendant "maintain[ed]…a practice" because such assertion is "too generic and conclusory to satisfy the [*Twombly*] standard"); *see also Harding v. Time Warner, Inc.,* Case No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896,  *18 (S.D. Cal. January 26, 2010)(dismissing "practice" allegations for a second time where no "specific allegations which suggest that, in practice, [the employer's] policies resulted in the wrongful conduct alleged."); *see also DeLeon,* 2009 U.S. Dist. LEXIS 74345 at *7-8 (granting motion to dismiss and holding that merely parroting statutory language and asserting conclusory statements of liability fails to state a claim for violations of the California Labor Code); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (SD. Iowa 2008 (dismissing employee's minimum wage claims as "implausible on its face" where "the Amended Complaint only provides generic, conclusory assertions of  a right to relief" and that "there [was] not, on the face of the Amended Complaint, a single factual allegation that would permit an inference that even one member of the plaintiff's collective has a 'right to relief above the speculative level.'"

Plaintiff's PAGA causes of action do not meet the *Twombly* and *Iqbal* pleading standards and should be dismissed.

**2.**     **Plaintiff Fails to Define "Aggrieved Employees" or Affirmatively State That She is Herself an Aggrieved Employee as to the Claims She Brings.**

Plaintiff defines the group of "aggrieved employees" she seeks to represent as all employees staffed by [Maxim] at state and federal prisons and other facilities within the State of

California," but two paragraphs later as, "All persons who were or are employed by Defendants in the State of California and against whom one or more of the alleged violations…was committed." (Complaint, ¶ 28, 30.)  Plaintiff does not provide any other description of the aggrieved employees.[4]  The pleading does not give Defendant fair notice as to what the scope of the PAGA claims are.  *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (noting that Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  For a representative action, there must be some specificity as to who the persons are that the plaintiff seeks to represent.  *See, e.g., Machado v. M.A.T. & Sons Landscape, Inc.*, No. C09-0459 JAM JFM, 2009 U.S. Dist. LEXIS 63414, *8 (E.D. Cal. July 23, 2009) (finding that, since plaintiffs failed to identify the "other current or former employees" who were aggrieved, they failed to state a claim).  Plaintiff has an obligation to identify the "aggrieved employees" beyond the statutory language of the statute. Plaintiff has not done so in her notice to the LWDA or in the Complaint.

Moreover, Plaintiff does not provide sufficient facts to show that even she is an aggrieved employee for all the PAGA violations she alleges.  Instead, she alleges only that she is "an aggrieved employee of **some** of these labor violations…" (Complaint, ¶ 30.)

For these reasons, Plaintiff's Eighth through Eighteenth Causes of Action should be dismissed.

### 3.    <u>Plaintiff's Eighth Cause of Action Does Not Meet The Pleading Standards of Rule 8</u>

In support of her claim for PAGA penalties for violation of Labor Code section 204, Plaintiff recites the statutes and generally alleges "Defendants failed to make payment of all wages earned by the Plaintiff and aggrieved employees.  She also alleges "aggrieved employees were not paid meal and rest period wages, waiting time penalties and other compensation due them under California law as required by Section 204."  (Complaint, ¶ ¶ 87-89.)  As discussed

---

[4] A previously filed action entitled *Barbara Buckland et al., v. Maxim Healthcare Services, Inc., et al.* ("*Buckland*"), Case No. 2:11-sv-08414-GW-SS, U.S. District Court, Central District of California also seeks PAGA penalties on behalf of external staffing nurses employed by Maxim.  Because Plaintiff's definition of "aggrieved employees" is ambiguous, the PAGA claims here may overlap or be identical to those asserted in *Buckland*, in which case, a dismissal or stay of this action may be appropriate.

1  above, neither meal or rest period premiums nor waiting time penalties are due at certain intervals

2  during employment. The sole allegations that "Defendants failed to make payment of all wages

3  earned by the Plaintiff and aggrieved employees" and "Plaintiff and aggrieved employees were

4  not paid meal and rest periods, waiting time penalties and other compensation due them under

5  California law as required by Section 204," do not describe a violation of Section 204 (which

6  requires only that earned wages be paid at certain intervals during employment.) Accordingly,

7  Plaintiff's eighth claim should be dismissed.

8  **4.**     **Plaintiff's Ninth and Tenth Causes of Action Are Deficient**

9        Plaintiff's Ninth and Tenth Causes of Action for PAGA penalties predicated on a failure

10  to provide meal and rest periods to Plaintiff and the aggrieved employees are similarly deficient.

11  In support of these causes of action, Plaintiff recites verbatim the applicable IWC Wage Orders,

12  the California Labor Code, and *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094

13  (2007), and alleges in a wholly conclusory manner that Defendant violated the law. She provides

14  no supporting facts regarding herself or any of the aggrieved employees, she does not describe

15  Defendant's meal and rest period practices, and she does not say how or why she or any

16  aggrieved employees were allegedly not provided meal and rest periods. She has failed to

17  factually allege that any actual illegal conduct occurred, and does not provide any specific

18  "circumstances, occurrences, or events" regarding how Defendants harmed her or any aggrieved

19  employee. She merely states that Defendants failed to "provide Plaintiff and aggrieved

20  employees with the required meal periods, requiring Plaintiff and aggrieved employees to work

21  during meal periods, and failing to pay the premium for its failure to provide proper meal

22  periods." (Complaint, ¶ 98.) As shown above, such allegations are too generalized to support

23  these causes of action.

24        As stated above, Plaintiff's Ninth and Tenth Causes of Action should be dismissed for

25  failure to comply with Rule 8.

26  **5.**     **Plaintiff's Eleventh through Fifteenth Causes of Action Do Not Meet
The Pleading Standards of Rule 8**

27  Pursuant to California Labor Code § 226, California employers are required to provide

28

1  certain information on non-exempt employees' pay stubs.  Such information, as enumerated by

2  Labor Code § 226(a) includes "(1) gross wages earned; (2) total hours worked by the

3  employee...(5) net wages earned...(8) the name and address of the legal entity that is the

4  employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding

5  number of hours worked at each hourly rate by the employee."

6      To maximize PAGA penalties, Plaintiff has taken California Labor Code section 226,

7  subparagraph a, and parsed each requirement into five separate causes of action.  But, there is

8  only one penalty for a violation of Labor Code section 226, **not a penalty for each enumerated**

9  **requiremen**t for wage statements under subparagraph (a) of the statute.  Penalties are assessed

10  under Labor Code section 226(e) for a <u>pay</u> <u>period</u>, not for each missing element on the pay stub.

11  *See* Cal. Lab. Code § 226 (e) "An employee suffering injury as a result of a knowing and

12  intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater

13  of all actual damages or fifty dollars ($50) <u>for the initial pay period</u> in which a violation occurs

14  and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

15  exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

16  costs and reasonable attorney's fees." (Emphasis added).

17      Plaintiff does not even attempt to allege any facts to support any of her § 226 causes of

18  action.  She merely cites the IWC Orders and statutory language, and states Defendants failed "to

19  provide Plaintiff and aggrieved employees a statement of wages..." "that accurately reported

20  gross wages..." (Complaint, ¶ 119), "that accurately reported the total hours worked..."

21  (Complaint, ¶ 126),  " reporting the net wages actually earned..." (Complaint, ¶ 133), "showing

22  the name and address of the legal entity that is the employer..." (Complaint, ¶ 140), and

23  "showing the applicable hourly rates in effect during the pay period and corresponding number of

24  hours worked at each hourly rate."  (Complaint, ¶ 147).  These so-called facts do not show who

25  experienced these violations, when, how, or why.  Plaintiff makes no attempt to provide even the

26  basic facts as to these alleged violations, including why the name and address of the employer

27  was incorrect on the wage statement.  This cause of action, as pleaded, does not meet the

28  *Twombly* and *Iqubal* standards.

6.      **Plaintiff's Sixteenth Cause of Action Does Not Meet The Pleading Standards of Rule 8**

Section 14 of Wage Order 4-2001, applicable to Plaintiff, states:

(A)      All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B)      When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

This provision was "originally established to cover situations where the work is usually performed in a sitting position with machinery, tools or other equipment. *It was not intended to cover those positions where the duties require employees to be on their feet,* such as salespersons in the mercantile industry."[5]  (Request for Judicial Notice, ("RFJN"), Ex. A, December 5, 1986 Letter from Albert J. Reyff, Chief Deputy Labor Commissioner, to Ms. Jacqueline L. Soufi) (emphasis added).

Here, Plaintiff – who worked in the position of a certified nursing assistant – fails to state a claim for relief because she has not alleged any facts to show (1) that the nature of her work reasonably permitted the use of seats; or (2) that Maxim failed to "provide" her a seat, which are both *prima facie* elements of section 14(A) of Wage Order 4-2001.

First, section 14(A) of Wage Order 4-2001 states that "[a]ll working employees shall be provided with suitable seats *when the nature of the work reasonably permits the use of seats*." (emphasis added).  Accordingly, an employee's work must reasonably permit the use of seats before an employer is ever required to provide seats.  *See id.*  Plaintiff fails to plead an essential element of a claim under section 14(A) of Wage Order 4-2001—that the nature of her work reasonably permits the use of seats.  Moreover, Plaintiff *cannot* plead that the nature of her work as a certified nursing assistant reasonably permitted the use of seats.  *See* (Complaint, ¶ 24.)  An advisory opinion issued by the California Division of Labor Standards Enforcement (DLSE), which the Court may appropriately refer to for guidance, specifies that the seating requirement in

---

[5]  She later reviewed Wage Order 4-2001 which has the same language in its Section 14 regarding suitable suits.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1    what is now Wage Order 4-2001 was not intended to apply to employee who are required to move

2    about the workplace performing their duties.  *See* RFJN, Ex. A.; *Seymore v. Metson Marine, Inc.,*

3    194 Cal. App. 4th 361, 370 (2011) ("Advisory opinions issued by the DLSE…constitute a body

4    of experience and informed judgment to which courts and litigants may properly resort for

5    guidance.") (quoting *Bell v. Farmers Ins. Exchange,* 87 Cal. App. 4th 805, 815 (2001) (internal

6    quotation marks omitted)).  As Plaintiff has not pleaded, and cannot plead, that her work

7    reasonably permitted the use of seats, her claim must be dismissed.[6]  *See Student Loan Marketing*

8    *Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D. Cal. 1998) (a court "will dismiss any claim that, even

9    when construed in the light most favorable  to plaintiff, fails to plead sufficiently all required

10   elements of a cause of action.").

11        Second, Plaintiff alleges that she was not "provided" a seat.  But an employer is only

12   obligated to make seats available to employees to the extent they want or request them, not

13   necessarily to ensure that every employee is given a seat, regardless of whether they want one or

14   not.  *See RJFN, Ex. D,* Transcript of July 18, 2011 Motion Hearing in *Green v. Bank of America*

15   *N.A., et al.,* No. CV 11-45751-R (C.D. Cal.) (Real, J.), *appeal docketed,* No. 11-56365 (9th Cir.

16   Aug. 14, 2011).  Where a plaintiff alleging a violation of section 14 of Wage Order 4-2001 fails

17   to allege that she ever requested a seat, was ever denied a seat, or even that she wanted a seat, the

18   plaintiff's complaint must be dismissed.  *See id.*  (dismissing plaintiff's complaint with

19   prejudice).

20        This conclusion is supported by other authorities as well.  Specifically, Cal. Lab. Code §

21   512(a) and section 11 of Wage Order 4-2001 require employers to "provide" employees who

22   work for a work period of more than five hours per day a meal period of not less than 30 minutes.

23   The issue of what the term "provide" means in this context is presently pending before the

24   California Supreme Court.  *See Brinker Restaurant Corp. v. Sup. Ct.,* 196 P.3d 216, 85 Cal. Rptr.

25   3d 688 (Oct. 22, 2008); *Brinkley (Fred) v. Public Storage,* 198 P.3d 1087, 87 Cal. Rptr. 3d 674

26

27   _____

[6]   Plaintiff does not attempt to allege any violation of section 14(B) of Wage Order 4-2001.  Indeed, Plaintiff's Complaint is completely devoid of allegations regarding whether there were an adequate

28   number of seats in reasonable proximity to her work area and whether the use of seats would have interfered with the performance of her job duties.  *See* Complaint, ¶155

1   (Jan. 14, 2009).[7]

2          The current majority interpretation is that "provide" means simply that employers must

3   make meal breaks available, and have no duty to ensure that employees actually take their meal

4   breaks.  *See Wong v. AT & T Mobility Servs. LLC*, No. CV 10-8869-GW(FMOx), 2011 U.S. Dist.

5   LEXIS 125988,  *15 n.9 (C.D. Cal. Oct. 20, 2011) (describing the requirement that meal breaks

6   be "made available" as "the majority view").  The *majority* of federal courts entirely agree with

7   this interpretation.[8]  The analysis is straightforward:  the plain meaning of the term "provide" is

8   "to supply or make available."  *Brown v. Fed. Express Corp.,* 249 F.R.D. 580, 585 (C.D. Cal.

9   2008) (citing Merriam Webster's Collegiate Dictionary 937 (10th ed. 2002)).  The word

10  "provide" "does not suggest any obligation to ensure that employees take advantage of what is

11  made available to them."  *Id.*

12         This Court should apply the plain and straightforward meaning of the word "provide."

13  *See* RFJN, Ex. B at 4 ("[D]efendants' only obligation was to make seats available to employees to

14  the extent they want or request them, not necessarily to ensure that every employee has a seat,

15  regardless of whether they want one or not.").  Where the nature of the work permits it, Maxim is

16  only required to make seats available to employees to the extent that employees want or request

17  them; Maxim is not required to ensure that every employee is given a seat, regardless of whether

18  they want one or not.  *See id.; Brown,* 249 F.R.D. at 585.

19         Here, Plaintiff has not alleged any facts to show that she ever requested a seat, was ever

20  denied a seat, or even that she ever wanted a seat.  *Id.*  Additionally, Plaintiff has not alleged that

21  she suffered any actual injury or harm from not having a seat.  *Id.*  Lacking these essential factual

---

22  [7] In the absence of California Supreme Court precedent, this Court must apply the rule it believes that

23  court would adopt under the circumstances.  *See White v. Starbucks Corp.,* 497 F. Supp. 2d 1080, 1088
    (N.D. Cal. 2007) (citing *Wyler Summit P'ship v. Turner Broad. Sys, Inc.,* 135 F.3d 658, 663 (9th Cir.
    1998)).

24  [8] *See, e.g., Washington v. Joe's Crab Shack*, 271 F.R.D. 629, 641 (N.D. Cal. 2010); *Lopez v. G.A.T.*
    *Airline Ground Support, Inc.*, No. 09cv2268-IEG(BGS), 2010 U.S. Dist. LEXIS 95636, at *28-29 (S.D.

25  Cal. Sept. 13, 2010); *Brown,* 249 F.R.D. at 584-86 (C.D. Cal. 2008); *Gabriella v. Wells Fargo Fin, Inc.*,
    No. C 06-4347 SI, 2008 U.S. Dist. LEXIS 63118, *10  (N.D. Cal. Aug. 4, 2008); *Kimoto v. McDonald's*

26  *Corps.*, No. CV 06-3032 PSG (FMOx), 2008 U.S. Dist. LEXIS 86203, *16-17 (C.D. Cal. Aug. 19, 2008);
    *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D. Cal. 2008); *Kohler v. Hyatt Corp.,* No. EDCV

27  07-782-VAP (CWx), 2008 U.S. Dist. LEXIS 63392,  *18-20 (C.D. Cal. Jul. 28, 2008); *Salazar v. Avis*
    *Budget Group. Inc.*, 251 F.R.D. 529, 531-33 (S.D. Cal. 2008); *Kenny v. Supercuts, Inc.,* 252 F.R.D. 641,

28  644-46 (N.D. Cal. 2008); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080,1087-89 (N.D. Cal. 2007).

allegations, Plaintiff fails to state facts sufficient to constitute a claim for relief.  *See* Wage Order 4-2001, § 14; *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Brown*, 249 F.R.D. at 585 ("The word 'provide' means 'to supply or make available'"); RFJN, Ex. B at 4 (dismissing claim, with prejudice, where "plaintiffs have not alleged any facts to suggest that they ever wanted a seat, were ever denied a seat, or even that they wanted a seat").

Consistent with the determination in *Green v. Bank of America N.A., et al.* (see RFJN, Ex. B), this Court should dismiss Plaintiff's claim in its entirety, with prejudice.

### 7.    Plaintiff's Seventeenth Cause of Action Is Not Sufficiently Pleaded

In her Seventeenth Cause of Action, Plaintiff alleges that Defendant violated Wage Order 4-2001, Section 15 by failing to maintain an adequate working temperature.  Section 15 states:

> 15. Temperature
> (A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed.
> (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F., a heated room shall be provided to which employees may retire for warmth, and such room shall be maintained at not less than 68°.
> (C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use.
> (D) Federal and State energy guidelines shall prevail over any conflicting provision of this section.

Wage Order 4-2001, Section 15.

In support of this claim, Plaintiff alleges that the temperature at the Wasco facility where she was assigned was below reasonable/acceptable standards.  Plaintiff alleges that "one of the clients of [Maxim] is Wasco State Prison," but she does not allege that Maxim or any Defendant had care, custody, or control of Wasco or could control the temperature.  Nor does Plaintiff allege, or explain how or why the temperature at Wasco was not at reasonable/acceptable standards or was not consistent with industry-standards for the nature of the process and the work performed as required under the Wage Order.

Nor does Plaintiff allege any facts regarding the temperature of the workplaces where the

1    aggrieved employees, other than Plaintiff, worked to allow the Court to make a reasonable

2    inference that Defendants are liable for Plaintiff's Seventeenth Cause of Action.  *Iqbal,* 129 S. Ct.

3    at 1940.  The Court should dismiss this cause of action.

### 8.    PAGA Penalties Are Not Available Under Labor Code Section 2350

5    By way of her Eighteenth Cause of Action, Plaintiff seeks PAGA penalties for

6    Defendant's failure to provide sanitary restrooms as mandated under Labor Code section 2350.

7    Labor Code section 2350 states:

> "Every factory, workshop, mercantile or other establishment in which one or more
> persons are employed, shall be kept clean and free from the effluvia arising from
> any drain or other nuisance, and shall be provided, within reasonable access, with
> a sufficient number of toilet facilities for the use of the employees. When there are
> five or more employees who are not all of the same gender, a sufficient number of
> separate toilet facilities shall be provided for the use of each sex, which shall be
> plainly so designated."

12    Labor Code section 2350.

13    Plaintiff alleges that Defendants violated Section 2350 by failing to provide proper

14    sanitary restrooms and that the bathrooms at Wasco were unkempt and unclean.  (Complaint,

15    ¶ 170.)   Labor Code section 2355 states that the Labor Commissioner shall enforce Part 9,

16    Article 3 of the Labor Code which includes section 2350.  There is no private right of action

17    under section 2350.  *See Vicko Ins. Serv. Ins.*, 70 Cal. App. 4th at 62-63 (A private right of action

18    exists if the statute, in "clear understandable, unmistakable terms," indicates an intent to create

19    such a right).   There is nothing in section 2350 that indicates, in "clear understandable,

20    unmistakable terms," that a private right of action exists for violations of that section.

21    Labor Code section 2699.5 enumerates the provisions of the Labor Code that can serve as

22    the basis for PAGA violations.  <u>Section 2350 is not listed in section 2699.5.</u>  Therefore, there can

23    be no PAGA penalties for any alleged violation of section 2350 nor can an employee bring a

24    private right of action based on violations of section 2350.

25    Plaintiff's Eighteenth Cause of Action fails to state a claim and it should be dismissed.

### D.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS ESTABLISHING RULE 23 REQUIREMENTS

27    In federal court, all representative actions must be brought within the rubric of Rule 23.

1   *See, e.g, Ivey v. Apogen Technologies, Inc.,* No. 11-cv-366-DMS-NLS, 2011 U.S. Dist. LEXIS

2   89432 (S.D. Cal. Aug. 10, 2011) (holding that the plaintiff could not pursue a PAGA claim in

3   federal court unless he adhered to the pleading requirements of Rule 23); *Adams v. Luxittica U.S.*

4   *Holdings Corp.*, No. SA CV 07-1465 AHS (MLGx), 2009 U.S. Dist. LEXIS 130660, *3-4 (C.D.

5   Cal. July 24, 2009)(dismissing employees' PAGA cause of action "to the extent plaintiffs purport

6   to represent the rights and interests of third parties" because while the employees alleged

7   "aggrieved employees" "suffered in a similar fashion…[t]these allegations, while sufficient to

8   show plaintiffs' ability to assert claims on their own behalf, do not create standing to represent

9   interests of unnamed third parties"); *see also Thompson v. APM Terminals Pacific Ltd.*, No. No.

10  C 10-00677 JSW, 2010 U.S. Dist. LEXIS 142537, *2 (N.D. Cal. August 26, 2010) ("To the

11  extent Plaintiff here seeks to bring a representative PAGA action on behalf of other non-party,

12  unnamed aggrieved employees in federal court, such a claim must meet the requirements of Rule

13  23") (citing *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010));

14  *Benitez v. Wilbur*, No. CV F 08-1122 LJO GSA2009,  U.S. Dist. LEXIS 15018, * 9-10 (E.D. Cal.

15  Feb. 26, 2009) (PAGA claims require a class action).

16          Plaintiff has made no attempt even to allege the fundamentals elements of Rule 23.  Her

17  overbroad definition of "aggrieved employees" which potentially covers every California

18  employee employed by Defendant regardless of position, location, or duties, certainly fails to

19  meet Rule 23 requirements of typicality and commonality.  In the absence of a proper Rule 23

20  pleading, including an "ascertainable class" bound together by a showing that common issues of

21  fact and law predominate, and that Plaintiff's claims are typical of those of the class, this Court

22  should not entertain highly fact dependent PAGA claims premised on meal and rest period

23  violations, and various other wage and hour violations brought on behalf of an undefined group of

24  allegedly aggrieved employees. *See Wass v. Npc Int'l*, No. 09-2254-JWL, 2010 U.S. Dist. LEXIS

25  143474 (D.Kan. June 24, 2010) (Because plaintiff had no alleged any facts regarding other

26  employees' claims, class allegations were dismissed for failure to satisfy *Twombly*); *Rugambwa v.*

27  *Betten Motor Sales*, 200 F.R.D. 358, 365 (W.D. Mich. 2001) (Plaintiff could not prove actual

28  damages; his claims were not typical of the putative class).  These diverse claims will require

1   individualized inquiries into the specific facts pertaining to the employment of each of the

2   allegedly aggrieved employees, thus rendering them unsuitable for collective determination.

3       Because representative PAGA claims must meet Rule 23 standards, which are not pled

4   here, all Plaintiff's PAGA causes of action should be dismissed.

5       **E.**    **THE COMPLAINT SHOULD BE DISMISSED AGAINST BLANKENSHIP
    AND TAGAYUN BECAUSE IT FAILS TO STATE ANY CLAIM UPON**

6       **WHICH RELIEF CAN BE GRANTED AGAINST THEM**

7       **1.**    **Plaintiff's UCL Claim Against Blankenship and Tagayun Fails**

8       Only one of Plaintiff's individual claims is brought against Blankenship and Tagayun –

9   the Sixth Cause of Action for unlawful business practices under California Business &

10  Professions Code section 17200, *et seq.*

11      Here the alleged unlawful acts that make up Plaintiff's 17200 claim against Blankenship

12  and Tagayun are her claims for meal and rest period violations (Second and Third Causes of

13  Action), but those claims themselves are <u>not</u> asserted independently against Blankenship and

14  Tagayun .  Because Plaintiff makes no underlying claims against Blankenship and Tagayun, she

15  cannot sustain her Sixth Cause of Action against them under section 17200.  *Lazar v. Hertz*

16  *Corp.,* 69 Cal. App. 4th 1494, 1505 (1999); *People v. Duz-Mor Diagnostive Lab, Inc.,* 68 Cal.

17  App. 4th 654, 673 (1998) ("A defense to the underlying offense is a defense to [section 17200]");

18  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 173-174 (2000) (recognizing

19  that a UCL defendant may assert "defenses which might be asserted to a charge of violation of the

20  statute that underlies a UCL claim").

21      Even if Plaintiff had brought claims for meal and rest period violations against

22  Blankenship and Tagayun, she could not substantiate her allegations, because California law is

23  clear that individual officers and directors, much less individual employees, are not personally

24  liable as "employers" for premium wages owed by a corporate entity.  *Reynolds v. Bement*, 36

25  Cal.4th 1075, 1087-1088 (2005) ("corporate agents acting with the scope of their agency are not

26  personally liable for the corporate employer's failure to pay its employees' wages"); *Jones v.*

27  *Gregory*, 137 Cal. App. 4th 798, 800 (2006) ("California law does not support imposing personal

28  liability on corporate officers or agents as 'employers'").  As explained by the California

Supreme Court in *Reynolds,* the term "employer" as used in the California Labor Code must be determined by looking to common law, and under common law, "corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages," even when the alleged acts breach an employment contract or breach a tort duty of care." *Reynolds,* 36 Cal.4th at 1087; *see also Jones*, 137 Cal.App.4th at 807 (under common law, "a corporate officer or agent does not employ employees–the corporation does."). [9]

Here, Plaintiff indirectly alleges through her § 17200 claims that Blankenship and Tagayun are responsible for her missed meal and rest periods and should "disgorge" premiums to her. The Labor Code, however, does not define "employer" to include individuals who exercise control over wages. *See* California Labor Code sections 512, 226.7. Thus, even if Plaintiff did have evidence to show that Blankenship and Tagayun exercised control over her wages, as she alleges, such a fact would not convert Blankenship and Tagayun into "employers." *Reynolds,* 36 Cal. 4th at 1087-1088. The Court should dismiss the Sixth Cause of Action as to Blankenship and Tagayun

### 2.    **Plaintiff Cannot Sustain PAGA Claims Against The Individual Defendants.**

Plaintiff's Ninth and Tenth Causes of Action against Blankenship and Tagayun seek PAGA civil penalties by way of Labor Code Section 558 for Blankenship's and Tagayun's alleged failure to provide meal and rest periods to Plaintiff and the aggrieved employees. (Complaint, ¶¶93-114). Other than alleging legal conclusions that Blankenship and Tagayun controlled the working conditions of the aggrieved employees, Plaintiff provides absolutely no facts as to how either Blankenship or Tagayun had any control or responsibility for the aggrieved employees. (Complaint, ¶ ¶ 100, 111.) Plaintiff alleges that "[u]pon information and belief, [Blankenship] is an agent, employee and/or executive of [Maxim]." (Complaint, ¶ 7.) She makes

---

[9]    While the California Supreme Court in *Martinez v. Combs* found that the IWC's definition of employer applies in actions under Labor Code section 1194, it also reaffirmed that the opinion in *Reynolds, supra,* 36 Cal.4th 1075, properly holds that the IWC's definition of "employer" does not impose liability on individual corporate agents acting within the scope of their agency. *Reynolds*, at 1086, cautioning that the opinion should not be read more broadly than that. *Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010); *see also Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1432 (2010) (the extension of personal liability to the agents of an employer is not reasonably derived from the language and purposes of the Labor Code wage statutes).

the same allegation concerning Tagayun.  (Complaint, ¶ 8.)  Plaintiff merely alleges that "Blankenship was the manager/supervisor of Jeske" and "Tagayun was an account manager/supervisor of Jeske."  (Complaint, ¶ ¶ 7, 8.)  These allegations are not fact and do not show that either Blankenship or Tagayun were or are responsible for the working conditions of all aggrieved employees.

Courts reviewing claims for civil penalties under section 558 by way of PAGA have permitted actions to proceed against individual defendants <u>only</u> where those defendants were **owners, officers, or corporate agents** of the plaintiffs' employers.  *See, e.g., Martinez v. Antique & Salvage Liquidators, Inc*., No. C09-00997, 2011 U.S. Dist. LEXIS 19198, *4-6 (N.D. Cal. February 25, 2011) ( order modifying grant of summary judgment finding that an individual owner of a company could be liable under PAGA for violation of Labor Code section 558.); *Helm v. Alderwoods Group, Inc*., 696 F. Supp. 2d 1057, 1074 (N.D. Cal. 2009) (individual corporate officers may be personally liable under section 558); *Ochoa-Hernandez v. Cjaders Foods, Inc.,* No. C 08-02073 MHP,  2009 U.S. Dist. LEXIS 42481 (N.D. Cal. May 18, 2009) (on motion for leave to file amended complaint, court permitted amended complaint adding individuals who owned and controlled employer for PAGA cause of action by way of section 558); *Ontiveros v. Zamora,* No. CIV. S-08-567 LKK/DAD, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. February 20, 2009) (finding on motion for judgment on the pleadings that allegation that owner of company caused Labor Code violations was adequate for section 558).  In each of these cases, the individuals against whom the PAGA claims were made were all owners, officers, or corporate agents, **not** individual supervisors, or employees.

Here, Plaintiff alleges that Blankenship was her manager and supervisor, and Tagayun was her account manager and supervisor.  (Complaint, ¶¶7, 8).  She does <u>not</u> allege that either were owners officers, or corporate agents, or had control or responsibility for any of the other "aggrieved employees."  In addition, she does not allege what Blankenship or Tagayun did to cause the alleged violations of the California Labor Code as required by section 558.  Plaintiff, without any factual support whatsoever, generally alleges that Blankenship and Tagayun "are managing agents, employees, executives, officers and/or directors" of Maxim.  (Complaint, ¶9).

She further alleges that Blankenship and Tagayun "exercised control over the wages of employees; designed and implemented policies regarding meal and rest breaks, working hours, and deductions; decided upon the indemnification of employee business expenses; and decided upon the termination of employees." *Id. (*Complaint, ¶16).  From these boilerplate allegations, Plaintiff concludes that <u>Blankenship and Tagayun were and are employers</u> as a matter of law and are "responsible for all wage and hourly violations and other wrongs that have been perpetrated upon the aggrieved employees." (Complaint, ¶17).  From this allegation, she imputes that responsibility or control over all aggrieved employees.

Plaintiff's implausible and deficient assertions fail to show that any claim can be stated against Blankenship and Tagayun for PAGA penalties for failure to provide meal and rest periods to Plaintiff and aggrieved employees.  Therefore, Plaintiff's Ninth and Tenth Causes of Action as to Blankenship and Tagayun should be dismissed.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety.

Dated:  November 30, 2011

MORGAN, LEWIS & BOCKIUS LLP
REBECCA D. EISEN
JOHN S. BATTENFELD
JENNIFER WHITE
KATHRYN T. McGUIGAN

By  /s/ Kathryn T. McGuigan
KATHRYN T. McGUIGAN
Attorneys for Defendants
MAXIM HEALTHCARE SERVICES, INC., ASHLEY BLANKENSHIP and ALVIN TAGAYUN

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California  90071-3132.

On November 30, 2011, I served the within document(s):

**NOTICE OF MOTION AND MOTION  OF DEFENDANTS MAXIM HEALTHCARE SERVICES, INC., ASHLEY BLANKENSHIP, AND ALVIN TAGAYUN TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

X      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

**Lonnie C. Blanchard III, Esq.**
**Jeff Holmes, Esq.**
**Blanchard Law Group**
**3311 E. Pico Boulevard**
**Los Angeles, CA 90023**
**T: 213.599.8255**
**F: 213.402.3949**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 30, 2011 at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
Connie Torres-Gabig

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22823345.1

1

MOTION TO DISMISS