1   MORGAN, LEWIS & BOCKIUS LLP
    REBECCA D. EISEN (SBN 96129)
2   reisen@morganlewis.com
    SHANNON B. NAKABAYASHI (SBN 215469)
3   snakabayashi@morganlewis.com
    One Market Place
    Spear Street Tower
4   San Francisco, CA 94105-1126
    Tel: 415.442.1000 / Fax: 415.442.1100

5   MORGAN, LEWIS & BOCKIUS LLP
    JOHN S. BATTENFELD, (SBN 119513)
6   jbattenfeld@morganlewis.com
    KATHRYN T. McGUIGAN, (SBN 232112)
7   kmcguigan@morganlewis.com
    300 South Grand Avenue, Twenty-Second  Floor
    Los Angeles, CA  90071-3132
8   Tel: 213.612.2500 / Fax: 213.612.2501

9   Attorneys for Defendant
    MAXIM HEALTHCARE SERVICES, INC.

10

11                    UNITED STATES DISTRICT COURT

12                   EASTERN DISTRICT OF CALIFORNIA

13

14

15   JENNIFER JESKE,                      Case No. 1:11-cv-01838-LJO-JLT

16              Plaintiff,                **NOTICE OF MOTION AND MOTION
                                          OF DEFENDANT MAXIM
17        vs.                             HEALTHCARE SERVICES, INC. TO
                                          DISMISS FIRST AMENDED
18   MAXIM HEALTHCARE SERVICES,           COMPLAINT; MEMORANDUM OF
     INC., and DOES 1 through 10, inclusive,   POINTS AND AUTHORITIES**
19
                Defendants.               **[FRCP 12(b)(6)]**
20
                                          Date:        March 28, 2012
21                                        Time:        9:00 a.m.
                                          Courtroom:   Suite 120
22                                        Judge:       Jennifer L. Thurston

23

24

25

26

27

28

**TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 28, 2012 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jennifer L. Thurston, Magistrate Judge for the United States District Court for the Eastern District of California, 1200 Truxton Avenue, Suite 120, Bakersfield, California, Defendant Maxim Healthcare Services, Inc. ("Defendant") will and hereby does move this Court for an Order dismissing this action in its entirety with prejudice.

This Motion is made on multiple grounds. First, Plaintiff Jennifer Jeske's ("Plaintiff") First Amended Complaint ("FAC") involves the same parties and the same issues as at least one previously filed lawsuit – *Buckland, et al. v. Maxim Healthcare Services, Inc.*, Case No. CV 12-0095 R (FMOx). Pursuant to the federal "first-to-file" rule and in compliance with long-standing rules of judicial economy and comity, this matter should be dismissed with prejudice.

Second, Defendant moves to dismiss Plaintiff's third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth causes of action pursuant to FRCP 8 and 12(b)(6) on the grounds that the claims fail to meet the pleadings standards enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and, more specifically, <u>fail to comply with the express directions contained in Judge O'Neill's January 10, 2012 Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint</u>. As set forth in the accompanying memorandum, the Court should dismiss Plaintiff's insufficiently plead third through thirteenth and sixteenth through twentieth claims.

Third, all of Plaintiff's Private Attorneys General Act ("PAGA") claims (her sixth through twentieth causes of action) should be dismissed on the grounds that Plaintiff ignored the Court's specific instructions to plead a narrow and ascertainable definition of "aggrieved employees" and, instead, broadened her definition so much that it is even more impermissibly overbroad and uncertain than in her prior complaint.

Judge O'Neill's January 10, 2012 Order admonished Plaintiff, "she will be given *no further opportunities* to amend her complaint." Order 28:28-29:1 (emphasis added). Accordingly, Plaintiff's entire FAC should be dismissed with prejudice.

1    Defendant's Motion is based upon this Notice of Motion and Motion, the following

2 Memorandum of Points and Authorities, the Request for Judicial Notice and attached exhibits, all

3 matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the

4 files and records in this action, and on such other and further argument and evidence as may be

5 presented at or before the hearing on this matter.

6

7 Dated:  February 22, 2012                    MORGAN, LEWIS & BOCKIUS LLP

8                                              By____/s/_____
                                                  Shannon B. Nakabayashi
9                                                 Attorneys for Defendants
                                                  MAXIM HEALTHCARE SERVICES, INC.,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

MOTION TO DISMISS FIRST AMENDED COMPLAINT

I.    INTRODUCTION ................................................................................1

II.   ARGUMENT .....................................................................................2

    A.   Pursuant to the "First-to-File" Rule, Plaintiff's Claims Should Be
        Dismissed ....................................................................................2

        1.   At Least One Other Substantially Similar Case is Pending in the
            Central District ...................................................................2

        2.   The Parties Are Substantially Similar ......................................3

        3.   The Issues Are Substantially Similar .......................................4

    B.   Plaintiff's First Amended Complaint Should Be Dismissed Because
        Plaintiff Failed to Correct the Deficiencies in her Original Complaint ................6

        1.   Plaintiff's Third Cause of Action is Impermissibly Vague and
            Conclusory ..........................................................................7

        2.   Plaintiff's Fourth Claim for For Waiting Time Penalties Does Not
            Meet *Twombly* Standards.......................................................7

        3.   Plaintiff Has Not Sufficiently Alleged A Claim For Unlawful
            Business Practices ................................................................8

        4.   Plaintiff Failed to Amend Her PAGA Claims in Compliance with
            the Court's Order ..................................................................9

            a.   Plaintiff's Definition of "Aggrieved Employees"
                Contradicts the Court's January 10, 2012 Order...............9

            b.   Plaintiff's Sixth Cause of Action is An Improper
                Attempt to Re-allege Her Labor Code Section 204
                Claim ............................................................................11

            c.   Plaintiff's Sixth through Ninth Causes of Action are
                Conclusory and Violate Federal Pleading Standards ........11

            d.   Plaintiff's Tenth through Thirteenth Causes of
                Action Are Deficient ......................................................12

            e.   Plaintiff Failed to Exhaust Her Administrative
                Remedies or Remedy the Deficiencies as to her
                Sixteenth Cause of Action ...............................................13

            f.   Plaintiff's Seventeenth through Twentieth Causes of
                Action Also Ignore the Court's Prior Order ....................14

    C.   Plaintiff Cannot Further Amend Her FAC .......................................15

III.  CONCLUSION ..................................................................................15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

1

2   **CASES**

3   *Ashcroft v. Iqbal,*
4       129 S. Ct. 1937 (2009) ........................................................................................ 1, 6, 7

5   *Bell Atlantic Corp. v. Twombly,*
        550 U.S. 544 (2007) ...................................................................................... 1, 6, 7, 8, 14
6
    *Buckland, et al. v. Maxim Healthcare Services, Inc.,*
7       Case No. 2:11-cv-08414-GW SS  ........................................................................ 1, 2, 3, 4

8   *Castro and Allen v. Maxim Healthcare Services, Inc.,*
9       Los Angeles Super. Ct. Case No. BC405046  ................................................................ 3

10  *Cedars-Sinai Med. Ctr. v. Shalala,*
        125 F.3d 765 (9th Cir. 1997) ...................................................................................... 2
11
    *Earley v. Superior Court,*
12      79 Cal. App. 4th 1420 (2000) ...................................................................................... 8

13  *Friends of the Earth, Inc. v. Crown Central Petroleum Corp.,*
14      95 F.3d 358 (5th Cir. 1996) ........................................................................................ 5

15  *In re Graphics Processing Units Antitrust Litig.,*
        Case No. C 06-07417, 2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007) ................... 7
16
    *L. Cohen Group v. Herman Miller, Inc.,*
17      No. C 05-4476 SI, 2006 U.S. Dist. LEXIS 2301 (N.D. Cal. Jan. 19, 2006) ......................... 2

18  *Machado v. M.A.T. & Sons Landscape, Inc.,*
19      No. C09-0459 JAM JFM, 2009 U.S. Dist. LEXIS 63414 (E.D. Cal. July 23, 2009) ............. 11

20  *Mauro v. Fed. Express Corp.,*
        No. CV 08-8526 DSF, 2009 U.S. Dist LEXIS 5994 ........................................................ 4
21
    *Mell v. GNC Corp,*
22      2010 U.S. Dist. LEXIS 118938 (W.D. Pa. Nov. 9, 2010) ............................................... 8

23  *Olinez v. Gardner,*
        771 F.2d 856 (5th Cir. 1985) ...................................................................................... 5
24
    *Pacesetter Sys, Inc. v. Medtronic, Inc.,*
25      678 F.2d 93 (9th Cir. 1982) ........................................................................................ 2

26  *Persepolis Enter. v. United Parcel Service, Inc.,*
27      2007 WL 2669901 (N.D. Cal. 2007) ........................................................................... 2

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Pickern v. Pier 1 Imps. (U.S.), Inc.*,
  457 F.3d 963 (9th Cir. 2006) ..............................................................................11

*Pineda v. Bank of America*,
  50 Cal. 4th 1389 (2010)..........................................................................................9

*Sasco v. Byers*,
  No. 08-5641 JF (RS), 2009 U.S. Dist. LEXIS 36886 ........................................2, 4

*Walker v. Progressive Casualty Ins. Co.*,
  C 03656 R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003)....................4

*Ward v. Follett Corp.*,
  158 F.R.D 645 (N.D. Cal. 1994)..............................................................................5

*Weigele v. FedEx Ground Package Sys.*,
  No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475 (S.D. Cal. Nov. 15,
  2010)........................................................................................................................10

*Weinstein v. Metlife, Inc.*,
  2006 U.S. Dist. LEXIS 83115 (N.D. Cal. 2006)......................................................3

*Wherry v. All California Funding*,
  No. C 06-4384 SBA, 2006 U.S. Dist. LEXIS 53431 (N.D. Cal. July 20, 2006) ......3

*Wright v. RBC Capital Markets Corp, et al.*,
  2010 WL 2599010 (E.D. Cal. 2010) ....................................................... 2, 3, 4, 5, 6

*Yung v. Maxim Healthcare Services, Inc.*,
  Case No. 2:12-cv-00915-R-FMO ............................................................................3

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq*...............................................................5, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cal. Lab. Code
§ 201 ............................................................................................................................. 8, 9
§ 201.3 ............................................................................................................................... 8
§ 201.5 ............................................................................................................................... 8
§ 202 ............................................................................................................................. 8, 9
§ 203 ............................................................................................................................. 8, 9
§ 204 ................................................................................................................................ 12
§ 205.5 ............................................................................................................................... 8
§ 210 ................................................................................................................................ 12
§ 226 ........................................................................................................................... 13, 14
§ 226.3 ......................................................................................................................... 12, 14
§ 226.7 ............................................................................................................................... 9
§ 226(a) ............................................................................................................................ 13
§ 226(e) ....................................................................................................................... 13, 14
§ 501 ................................................................................................................................. 9
§ 512 ................................................................................................................................. 9
§ 558 ................................................................................................................................ 12
§ 1197 ................................................................................................................................ 9
§ 1197.1 ........................................................................................................................... 12
§ 2350 .............................................................................................................................. 14
§ 2699.3(c) ................................................................................................................... 14, 15

**OTHER AUTHORITIES**

FRCP
8 ......................................................................................................................... 1, 11, 13
12(b)(6) ............................................................................................................................. 6

# I.   INTRODUCTION

Plaintiff Jennifer Jeske's ("Plaintiff") First Amended Complaint ("FAC") should be dismissed with prejudice.  Plaintiff original complaint, dismissed by the Court on January 10, 2012 (*see* Order on Defendants' F.R. Civ. P. 12 Motion to Dismiss ("Order")(Dkt # 12)), was deficient in numerous respects.  Plaintiff's FAC not only repeats but compounds those defects.

First, Plaintiff's FAC adds a new, expansive putative class that renders this case duplicative of a previously-filed lawsuit pending in the Central District, *Buckland, et al. v. Maxim Healthcare Services, Inc.,* Case No. 2:11-cv-08414-GW SS.  The federal "first-to-file" rule prohibits Plaintiff from proceeding with a new matter *involving the same class members* and the *same claims* as a matter already proceeding in another federal court.  Under the first-to-file rule, Plaintiff's claims should be dismissed.

Second, Plaintiff's FAC fails to correct the majority of deficiencies in her original complaint.  In fact, the FAC ignores significant portions of Judge O'Neill's January 10, 2011 Order.  Plaintiff's Labor Code claims continue to contain the same mere recitation of legal elements and continue to fail to meet the strict pleading standards required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).  As the FAC fails to meet these minimum standards, under FRCP Rule 8, Plaintiff's claims should be dismissed.

Finally Plaintiff's definition of "aggrieved employees" for purposes of her Private Attorneys General Act ("PAGA") claims is so impermissibly overbroad that Plaintiff's sixth through twentieth causes of action for PAGA violations should be dismissed on that additional ground.  Plaintiff was previously advised by the Court to limit her definition of "aggrieved employees" – "presumably [to] Maxim healthcare workers employed at Wasco."  Plaintiff did just the opposite, wildly expanding her definition of "aggrieved employees" to include ostensibly every Maxim employee.  Plaintiff's failure to amend her complaint in conformity with Judge O'Neill's directions warrants dismissal of her claims.

Judge O'Neill has admonished Plaintiff that she will be given no further opportunities to amend her claims.  Accordingly, for the reason stated herein, the Court should dismiss Plaintiff's FAC with prejudice pursuant to the "first-to-file" rule or, alternatively, on the grounds that

Plaintiff failed to comply with relevant federal pleading standards and the Court's prior Order.

## II.   ARGUMENT

### A.   Pursuant to the "First-to-File" Rule, Plaintiff's Claims Should Be Dismissed

When cases involving the same parties and issues have been filed in two different courts, the "first-to-file" rule allows the second court the discretion to dismiss the second case in the interest of efficiency and judicial economy. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). "This doctrine, known as the first-to-file rule, 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.'" *See Sasco v. Byers*, No. 08-5641 JF (RS), 2009 U.S. Dist. LEXIS 36886, *13 (N.D. Cal. Apr. 14, 2009 (granting defendant's motion to dismiss under the first-to-file rule because claims substantially overlapped with counterclaims in a first-filed action) (citations omitted). The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *See Pacesetter Sys, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (holding that district court's decision to apply the first-to-file rule was only reviewable for an abuse of discretion).

Courts evaluate three factors when applying the first-to-file rule: (1) the chronology of the two actions (2) the similarity of the parties, and (3) the similarity of the issues. *Wright v. RBC Capital Markets Corp, et al.*, 2010 WL 2599010 * 5 (E.D. Cal. 2010) (*quoting  L. Cohen Group v. Herman Miller, Inc.*, No. C 05-4476 SI, 2006 U.S. Dist. LEXIS 2301, *5-6 (N.D. Cal. Jan. 19, 2006) (granting defendant's first-to-file motion because "a complaint involving the same parties and issues has already been filed in another district")); *Persepolis Enter. v. United Parcel Service, Inc.*, 2007 WL 2669901, at *2 (N.D. Cal. 2007) (granting first-to-file motion when "all three factors" of the first-to-file rule were met). Here, all three elements weigh heavily in favor of dismissing, staying or transferring this case.

#### 1.   At Least One Other Substantially Similar Case is Pending in the Central District

A substantially identical case, *Buckland, et al. v. Maxim Healthcare Services, Inc.* was filed on **September 7, 2010** in Alameda County Superior Court.  *See* Request for Judicial Notice, Exh. A. *Buckland* was subsequently removed to the Northern District on November 12, 2010 and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

then transferred to the Central District upon motion of the plaintiffs. Request for Judicial Notice, Exh. C. The present case was filed in Kern County Superior Court on **September 19, 2011** and removed to the Eastern District on November 2, 2011. *Buckland* is clearly the first-filed case. *See Wherry v. All California Funding*, No. C 06-4384 SBA, 2006 U.S. Dist. LEXIS 53431, *5, fn.3 (N.D. Ca. July 20, 2006 (first-to-file rule proper even where first action was filed only *four days* earlier).[1]

2.    The Parties Are Substantially Similar

Pursuant to the allegations of the FAC, the parties are now substantially similar. Both cases involve the same Defendant, Maxim Healthcare Services, Inc. Further, the newly alleged putative class in *Jeske* overlaps with *Buckland*. *See RBC*, 2010 WL 2599010 at *6 (holding that the parties were substantially similar when the plaintiff was a member of the putative class in another action and "the class he seeks to represent are members [of the prior alleged class]"); *Weinstein v. Metlife, Inc.*, 2006 U.S. Dist. LEXIS 83115, *12 (N.D. Cal. 2006) (holding that the first-to-file rule requires the court in a class action suit to compare the proposed classes, not their representatives).

- *Buckland* involves an alleged class of all RNs, LVNs, Licensed Practical Nurses ("LPNs"), Practical, Basic, and Travel Nurses or "*equivalent positions*" employed by Maxim in California from September 7, 2006 to the present. Request for Judicial Notice, Exh. B.[2]
- *Jeske* similarly alleges a putative class of "[a]ll persons who at any time after four (4) years prior to the filing of this action … were non-exempt employees of the Defendant, employed in California as nursing employees *including, but not limited*

[1] As stated in the parties' Joint Scheduling Report (Dkt # 14), several other cases are currently pending against Maxim on behalf of putative nurse classes alleging similar wage and hour violations. *Buckland* is the first-filed in federal court. *Yung v. Maxim Healthcare Services, Inc.*, Case No. 2:12-cv-00915-R-FMO, was recently transferred from the Southern District to the Central District. Request for Judicial Notice, Exh. H. *Yung* was filed on October 1, 2010. *Yung* alleges claims for failure to provide meal and rest breaks, failure to provide itemized wage statements, failure to pay overtime and other alleged Labor Code violations on behalf of a putative class of all current and former Maxim LVN's and RN's in California. *Castro and Allen v. Maxim Healthcare Services, Inc.* is pending in the Los Angeles Superior Court (Case No. BC405046). Request for Judicial Notice, Exh. G. It was filed on January 6, 2009. Plaintiff Allen seeks to represent all current and former Maxim RNs, LVNs, Case Managers, Home Care Nurses, Home Health Aides, Care Givers and other "similarly situated employees." She alleges claims for failure to pay for all hours worked, failure to pay overtime, failure to provide accurate wage statements, waiting time penalties and other alleged Labor Code violations. *Id.*

[2] Although not relevant to this Plaintiff's complaint, the *Buckland* plaintiffs filed an amended complaint on December 3, 2010, adding another Plaintiff, Brian Piazza. Piazza seeks to represent current and former Maxim recruiters in California. Request for Judicial Notice, Exh. B.

*to* registered nurses, LVN's, home care nurses and certified nursing assistants."
FAC ¶ 16 (emphasis added)

Plaintiff is thus seeking to represent every Maxim employee *already included* in the putative class.  Notably, Plaintiff Jeske is herself a member of the putative *Buckland* class.

### 3.    The Issues Are Substantially Similar

Finally, as to similarity of issues, "[t]he issues in the two actions <u>need not be identical</u> for purposes of the first-to-file rule but must only be substantially similar."  *Walker v. Progressive Casualty Ins. Co.*, C 03656 R, 2003 U.S. Dist. LEXIS 7871, *7 (W.D. Wash. May 9, 2003)(emphasis added).  "[S]light differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical."  *Id.* at *7-8.  In *RBC*, this Court held that it was immaterial that the first filed action contained additional claims and additional parties:

> What is relevant to the application of the first-to-file rule is that the Minnesota action was filed and remains pled as a putative California class action on behalf of the very same class of California RBC employees that plaintiff seeks to represent here on the same *core issues at stake* in the Minnesota action.  **It is … not determinative that the two cases involve *distinct issues* on behalf of different parties.**

2010 WL 2599010 at *7 (emphasis added).  *See also Sasco*, 2009 U.S. Dist. LEXIS 36886 at *19 (staying case where issues were "substantially similar" as they would "require adjudication of essentially the same issues raised by this lawsuit"); *Mauro v. Fed. Express Corp.,* No. CV 08-8526 DSF (PJWx), 2009 U.S. Dist LEXIS 5994, *10 (C.D. Cal. June 18, 2009) (dismissing duplicative case under the first-to-file rule because "the two actions **share a common transactional nucleus of facts**." (emphasis added)).

The scope of Plaintiff Jeske's original complaint, while unclear, appeared to focus only Plaintiff and possibly other nurses assigned to Wasco who experienced conditions unique to that facility.  Now with her new FAC, Plaintiff alleges virtually the same causes of action on behalf of the same putative class as alleged in *Buckland:*

| Buckland | Jeske |
|---|---|
| 1) Failure to pay wages, including overtime; *See* Request for Judicial Notice, Exh. B at ¶¶ 58-91 | 1) Failure to pay wage including overtime; *See* Request for Judicial Notice, Exh. F ¶¶ 44-58 |
| 2) Failure to provide meal periods; *See* Request for Judicial Notice, Exh. B ¶¶ 100-107 | 2) Failure to provide meal periods; *See* Request for Judicial Notice, Exh. F ¶¶18-31 |
| 3) Failure to provide rest periods; *See* Request for Judicial Notice, Exh. B ¶¶ 108-114 | 3) Failure to provide rest periods; *See* Request for Judicial Notice, Exh. F ¶¶ 32-43 |
| 4) Failure to pay wages due at termination (waiting time penalties); *See* Request for Judicial Notice, Exh. B ¶¶ 120-127 | 4) Failure to pay wages due at termination (waiting time penalties); *See* Request for Judicial Notice, Exh. F ¶¶ 59-69 |
| 5) Failure to provide accurate wage statements; *See* Request for Judicial Notice, Exh. B ¶¶ 128-133 | 5) Failure to provide accurate wage statements; *See* Request for Judicial Notice, Exh. F ¶¶171-203 |
| 6) Unfair business practices under California Business and Professions Code §§ 17200, *et seq.*; *See* Request for Judicial Notice, Exh. B ¶¶134-141 | 6) Unfair business practices under California Business and Professions Code §§ 17200, *et seq.*; *See* Request for Judicial Notice, Exh. F ¶¶ 70-77 |
| 7) PAGA penalties. *See* Request for Judicial Notice, Exh. B ¶¶ 142-149 | 7) PAGA penalties; *See* Request for Judicial Notice, Exh. F ¶¶ 77-203 |

Thus, because all three elements of the first-to-file rule are met and all claims asserted by Plaintiff are already asserted in at least one previously filed putative class action, this action should be dismissed. *See RBC*, 2010 WL 2599010 *7 (dismissing claims under first-to-file rule)*; *Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F. 3d 358, 362 (5th Cir. 1996) (citing *Olinez v. Gardner*, 771 F. 2d 856 (5th Cir. 1985)) (approving dismissal of plaintiff's duplicative second-filed complaint, the court held that "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed."); *Ward v. Follett Corp.*, 158 F.R.D 645, 648-650 (N.D. Cal. 1994) (district court

1  dismissed action to allow first-filing party to proceed without concern of a conflicting order being

2  issued by the court in the second-filed action).

### B.   Plaintiff's First Amended Complaint Should Be Dismissed Because Plaintiff Failed to Correct the Deficiencies in her Original Complaint

4  A complaint can survive a motion to dismiss under FRCP 12(b)(6) only where the

5  plaintiff alleges "***enough facts*** to state a claim for relief that is plausible on its face." *Twombly*,

6  550 U.S. at 570 (emphasis added).  If the allegations do not move the "claims across the line from

7  conceivable to plausible, [the] complaint must be dismissed." *Id*.  The Supreme Court made clear

8  that it is not proper to assume that a plaintiff can prove facts not alleged in the complaint or that

9  the defendants have violated laws in ways not alleged.  *See id.* at 563, n. 8.  A plaintiff must

10  include factual allegations sufficient to "raise a right to relief above the speculative level."  *Id.* at

11  555.  Factual allegations must "possess enough heft to show that the pleader is entitled to relief."

12  *Id.* at 545 (citations omitted).  Legal conclusions must be supported by factual allegations.  *Iqbal*,

13  129 S. Ct. at 1950 (2009).  "Threadbare recitals of the elements of a cause of action, supported by

14  mere conclusory statements, do not suffice."  *Id.* at 1949.

15  The purpose of testing a pleading pursuant to *Twombly* and *Iqbal* is to ensure that the

16  plaintiff suffered an injury for which liability is plausible.  The plaintiff must first plausibly allege

17  that she was actually injured before forcing the parties and the court to embark on long and

18  expensive litigation.  *Twombly*, 550 U.S. at 559 (explaining that it is only by requiring sufficient

19  detail in the pleadings "that we can hope to avoid the potentially enormous expense of discovery

20  in cases with no reasonably founded hope that the [discovery] process will reveal relevant

21  evidence."); *In re Graphics Processing Units Antitrust Litig*., Case No. C 06-07417, 2007 U.S.

22  Dist. LEXIS 57982, *21-23 (N.D. Cal. July 24, 2007) (explaining that allowing discovery prior to

23  determining the sufficiency of allegations in cases involving potentially burdensome discovery

24  would "defeat one of the rationales of *Twombly*.")  "[W]hen the allegations in a complaint,

25  however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be

26  exposed at the point of minimum expenditure of time and money by the parties and the court.'"

27  *Twombly*, 550 U.S. at 558 (citation omitted).  Dismissal of claims failing to meet the *Twombly*

28  standard is especially vital for cases in which the threat of "sprawling, costly, and hugely time-

consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559, 560 n.6.

1.   <u>Plaintiff's Third Cause of Action is Impermissibly Vague and Conclusory</u>

Plaintiff's third cause of action fails to meet the *Twombly* standards.  Much of Plaintiff's claim for "Failure to Pay Compensation Due for Hours Worked" is a simple recitation of the California Labor Code. *See e.g.* FAC ¶¶ 45-47, 50-52, 56-57.  Plaintiff's factual allegation is so vague that it provides little guidance as to the nature of her claims.  Plaintiff alleges that she and the putative class worked "at least eight hours in a day without taking into account the unpaid additional hours they worked during shift transitions, they worked overtime without being paid the overtime wages due them." FAC ¶54.  It is unclear, however, exactly what kind of wage violation Plaintiff is even claiming.  Is she alleging overtime claims? Off-the-clock claims?  Is she claiming she was asked to perform work for which Defendant refused to pay?  Without some specificity, Defendant is left to guess as to the nature of Plaintiff's "compensation" claims and exactly how she and the putative class were allegedly injured.  In light of this uncertainty, Plaintiff's claim should be dismissed.

2.   <u>Plaintiff's Fourth Claim for For Waiting Time Penalties Does Not Meet *Twombly* Standards</u>

Plaintiff's fourth cause of action, which seeks penalties under Labor Code Section 203, does not satisfy the *Twombly* pleading standard.  Plaintiff does not specifically allege which wages were earned and unpaid at the time of her termination.  She makes only a vague reference to not being paid all "regular time and overtime."[3] FAC ¶64.  As with her original complaint, Plaintiff does not allege how and in what manner a final wage payment was untimely under Section 201 or 202.  Plaintiff does not even specify whether she quit and provided the requisite 72 hours notice under Section 201, or was terminated by Defendant under Section 202.  She merely alleges, "[t]he employment of Plaintiff and Termination Pay Class Members with Defendants *terminated*." FAC ¶63 (emphasis added).

---

[3] Presumably, Plaintiff is not referring to unpaid meal and rest period premiums, as those are not "wages" within the meaning of Section 203 and, therefore, are not subject to waiting time penalties.  FAC, ¶ 64. *See Earley v. Superior Court,* 79 Cal. App. 4th 1420, 1430 (2000).

Plaintiff has also failed to plead any *facts* to support Section 203's willfulness requirement.  Cal. Lab. Code §203 ("[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits…")  Instead, Plaintiff merely quotes the language of the statute and alleges: "Defendants …willfully fail[ed] to pay the wages earned."  FAC ¶65.  Plaintiff has not pled any details regarding Defendant's alleged failure to timely pay final wages, let alone facts from which the Court could infer that the untimeliness was willful.  *Cf. Mell v. GNC Corp*, 2010 U.S. Dist. LEXIS 118938, *25-26 (W.D.Pa. Nov. 9, 2010) (plaintiff's allegations that wage violations were "knowing" and "willful" were conclusory:  "[T]here [were] no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.").  Judge O'Neill ordered Plaintiff "to identify sufficiently wages at issue and to articulate Maxim's willful failure to pay such wages."  Order 9:2-8.  Plaintiff has failed to do so and the Court should dismiss with prejudice Plaintiff's fourth claim alleging entitlement to Section 203 waiting time penalties.

### 3.   Plaintiff Has Not Sufficiently Alleged A Claim For Unlawful Business Practices

Plaintiff's fifth cause of action for violation of Business & Professions Code Section 17200 should be dismissed.  Judge O'Neill dismissed Plaintiff's original claim for, among other reasons, Plaintiff's failure to support her allegations with specific allegations of wrong doing.

> The complaint fails to establish that defendants engaged in unlawful, unfair or fraudulent business practices under the UCL.  In the absence of violation of a borrowed law, a UCL claim fails *especially given the lack of reasonable particularity of facts to support a UCL claim* … The complaint lacks facts to hint at a wrong subject to the UCL to warrant the UCL claims' dismissal with leave to amend.

Order 15:23-16:7 (emphasis added).

Plaintiff has not remedied any of these deficiencies.  First, her claim continues to depend on otherwise untenable claims (*e.g.* Plaintiff's third and fourth causes of action).  Plaintiff's third cause of action under section 202 and fourth cause of action under section 203 cannot support a §17200 cause of action.  Sections 201 and 202 violations give rise solely to <u>penalties</u> under

Section 203.  Penalties are not the proper subject of restitution under §17200.  *See Pineda v. Bank of America*, 50 Cal. 4th 1389, 1401-02 (2010) ("[W]e thus hold section 203 penalties cannot be recovered as restitution under the UCL").

Second, Plaintiff continues to fail to allege with specificity "unlawful business acts or practices."  Plaintiff merely states in a conclusory fashion that "Defendant violated Labor Code Section 201, 202, 203, 226.7, 501, 512 and 1197."  FAC ¶¶ 72-73.  This is barely an improvement over Plaintiff's original allegations that "violations of the Labor Code . . . constitute unlawful business, acts or practices" and "Defendants have been unjustly enriched as a result of Defendants' unlawful business practices."  Complaint ¶ ¶ 77, 79.  Accordingly, her claim should be dismissed.

>    4.     Plaintiff Failed to Amend Her PAGA Claims in Compliance with the
>           Court's Order

By way of her sixth through twentieth causes of action, Plaintiff again attempts to bring representative claims under the California Private Attorneys General Act for civil penalties, on behalf of other purportedly "aggrieved employees."  As with her original complaint, the FAC's PAGA allegations "are paradigmatic examples of threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Weigele v. FedEx Ground Package Sys.,* No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475 (S.D. Cal. Nov. 15, 2010) at*1. Plaintiff's PAGA causes of action are wholly devoid of factual allegations and thus fail to provide the required factual support for Plaintiff's claims.

>    a.     Plaintiff's Definition of "Aggrieved Employees" Contradicts the
>           Court's January 10, 2012 Order

As with her original complaint, Plaintiff's First Amended Complaint does not give Defendant fair notice of the scope of the PAGA claims.  *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (noting that Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  For a representative action, there must be some specificity as to who the persons are that the plaintiff seeks to represent.  *See, e.g., Machado v. M.A.T. & Sons Landscape, Inc.*, No. C09-0459 JAM JFM, 2009 U.S. Dist. LEXIS 63414, *8 (E.D. Cal. July 23, 2009) (finding

that, since plaintiffs failed to identify the "other current or former employees" who were aggrieved, they failed to state a claim).

In her original complaint, Plaintiff defined the group of "aggrieved employees" she sought to represent as:

> All persons who were or are employed by Defendants in the State of California and against whom one or more of the alleged violations described below was committed.

Complaint, ¶ 30.  Plaintiff further elaborated that "aggrieved employees include all employees staffed by [Maxim] at state and federal prisons and other facilities within the State of California." *Id.* at ¶ 28.

In his Order dismissing Plaintiff's PAGA claims, Judge O'Neill criticized Plaintiff's overbroad definition:

> [Plaintiff] ignores defendants' chief attack that the complaint fails to identify aggrieved employees beyond reference to their Maxim employment.  The complaint is unclear as to whether it seeks to pursue PAGA claims for certified nursing assistants, such as Ms. Jeske, or other healthcare employees.  *The complaint fails to identify how particular aggrieved employees were subject to particular violations*.  Ms. Jeske fails to justify the complaint's overly broad scope of aggrieved employees.  The Court is unable to sanction PAGA claims for imprecisely defined aggrieved employees but grants Ms. Jeske leave to amend to *define precisely* the aggrieved employees for whom she seeks to recover civil penalties.

Order 18:2-10 (emphasis added).

> Ms. Jeske takes the *legally unsupported position* that she is entitled to pursue PAGA claims for the *entire universe of Maxim employees*.  Such position contravenes federal pleading requirements to provide defendants sufficient notice of the claims against them.  Ms. Jeske's entitlement to pursue claims for current and former employees must be balanced with an ascertainable scope of aggrieved employees, *presumably Maxim healthcare workers at Wasco*.  The complaint lacks sufficient definition of the scope of aggrieved employees, and Ms. Jeske is granted leave to amend to do so.

Order 26:3-10 (emphasis added).

Rather than following Judge O'Neill's instructions, Plaintiff has chosen to ignore the Court and reassert another "legally unsupported" definition of aggrieved employees.  Paragraph 81 of the FAC, plaintiff states:

1
2

> For purposes of the PAGA Causes of Action, Aggrieved Employees are those *current or former employees of Defendants* against whom one or more the alleged violations was committed on or after the date one year prior to the filing of the complaint in this action.

3
4
5
6
7
8
9
10
11

(emphasis added).  This new definition of "aggrieved employees" does nothing more than limit the group to those "aggrieved" within the statutory time period of one year – which is no limitation at all.   It completely abandons the few prior limitations in the prior Complaint (Maxim California employees at prison facilities).  Judge O'Neill properly suggested that the "aggrieved employees" should include only Maxim healthcare workers at Wasco prison.  Because of her blatant failure to follow the Court's order, and for pleading an **even *broader* definition of aggrieved employees,** Plaintiff's Sixth through Twentieth Causes of Action should be dismissed with prejudice**.**

12

> b.      Plaintiff's Sixth Cause of Action is An Improper Attempt to Re-allege Her Labor Code Section 204 Claim

13
14
15
16
17
18
19
20
21
22

The Court previously dismissed Plaintiff's Labor Code Section 204 cause of action (for "unpaid wages") with prejudice.  In her original complaint, Plaintiff had alleged that Defendant's failure to pay her meal and rest period wages, waiting time penalties and other compensation violated Labor Code Section 204 and thus Plaintiff was entitled to collect civil penalties.  The Court rejected this theory.  "Ms. Jeske fails to demonstrate that she is entitled to pursue a private right of action for a Section 204 violation and offers nothing to suggest she can rehabilitate the claim."  Order 7:1-4.  The court not only dismissed Plaintiff's Labor Code 204 claim but her related, ancillary PAGA claim.  Order 18:12-13.  Plaintiff's new sixth cause of action, however, is a mirror image of that dismissed Labor Code Section 204 claim.  The Court's Order cannot be dodged in this fashion and Plaintiff's sixth cause of action should be dismissed.

23
24

> c.      Plaintiff's Sixth through Ninth Causes of Action are Conclusory and Violate Federal Pleading Standards

25
26
27
28

Plaintiff's sixth through ninth causes of action contain little more than a series of quotes and citations to the Labor Code and Wage Orders.  Plaintiff fails to allege *with specificity* how the actions of Defendant violated these statutes.  Rather, Plaintiff lists a series of statutory provisions and alleges Defendant "violated them."  The Court's prior order admonished plaintiff that her

claims could not rest on "mere conclusions."  Order 18:22-23.  Yet that is exactly what she has pled again in her FAC.

Moreover, despite the Court's January 10, 2012 Order, Plaintiff continues to be under the mistaken impression that she is entitled to pursue remedies under statutes intended to give only the California *Labor Commissioner* enforcement powers, *e.g.* Labor Code Section 210, 558, 1197.1.  *See* Order, 7:1-4, 20:20-27 (criticizing Plaintiff's attempt to turn Labor Code Section 226.3 into a private cause of action).  Because Plaintiff's sixth through ninth claims are conclusory and are based on improper Labor Code provisions, they should be dismissed.

d.      Plaintiff's Tenth through Thirteenth Causes of Action Are Deficient

Plaintiff's tenth, eleventh, twelfth and thirteenth Causes of Action for PAGA penalties are predicated on a failure to provide meal and rest periods to Plaintiff and the aggrieved employees. As with her original complaint, Plaintiff supports these causes of action by reciting verbatim the applicable IWC Wage Orders and the California Labor Code, and alleging in a wholly conclusory manner that Defendant violated the law.  FAC ¶¶111-138.  She provides no supporting facts regarding herself or any of the aggrieved employees, she does not describe Defendant's meal and rest period practices, and she does not say how or why she or any aggrieved employees were allegedly not provided meal and rest periods.  She has failed to factually allege that any actual illegal conduct occurred, and does not provide any specific "circumstances, occurrences, or events" regarding how Defendants harmed her or any aggrieved employee.  As shown above, such allegations are too generalized to support these causes of action.

Judge O'Neill previously rejected such conclusory attempt to allege meal and rest period PAGA violations.  "[T]he PAGA missed meal and rest period claims are predicated on general allegations of mere failure to provide meal and rest breaks.  The complaint neither describes Maxim's practices … nor articulates *precisely* how and when Ms. Jeske and aggrieved employees were denied meal and rest periods."  Order 19:6-10.  Because Plaintiff did not repair the deficiencies in her complaint, Plaintiff's Tenth through Thirteenth Causes of Action should be dismissed for failure to comply with Rule 8.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

e.  Plaintiff Failed to Exhaust Her Administrative Remedies or
    Remedy the Deficiencies as to her Sixteenth Cause of Action

2        In his Order dismissing Plaintiff's original unsanitary restrooms claim, the Court held

3   that "no private right of action exists under [Labor Code Section] 2350 to limit exposure to a

4   PAGA claim." Order, 23:13-18 (emphasis added).  The sixteenth cause of action in Plaintiff's

5   FAC however, is still based on Labor Code Section 2350 and the theory that the statute entitled

6   Plaintiff to PAGA penalties.  FAC ¶¶169-170.  As a result, Plaintiff has not corrected the

7   deficiencies in her restroom claim and it should be dismissed.

8        Plaintiff appears to assert that her claim can proceed under Labor Code Section 2699.3,

9   regardless of its underlying basis or merits.  FAC ¶¶169-170.  Defendant acknowledges that in

10  his Order, Judge O'Neill held that by her reference to section 2699.3(c), "Ms. Jeske points to a

11  viable avenue for a section 2350 PAGA claim to limit viability of a section 2350 claim under

12  PAGA with no private right of action relief." Order 23:13-18.  However, the Court's holding is

13  ambiguous at best and does not clarify whether Plaintiff is able to proceed with her restroom

14  claim under these circumstances.  Every other claim based upon a Labor Code statute providing

15  Labor Commissioner enforcement authority *only* and *not* a private rights of action (*e.g.* Labor

16  Code Sections 210, 226.3, 558, 1197.1) was dismissed by the Court.  Plaintiff's claims are here

17  again defective and should be dismissed.

18       Regardless, even if Plaintiff has properly alleged a PAGA claim under section 2699.3(c),

19  which Defendant disputes, Plaintiff has failed to exhaust (and failed to plead that she exhausted)

20  her administrative remedies under the statute.  Section 2699.3(c) states that in order to commence

21  a civil action an employee must first notify the Labor Workforce Development Agency

22  ("LWDA") of "the specific provisions of this code alleged to have been violated, including the

23  facts and theories to support the alleged violation." *See* Labor Code Section 2699.3(c)(1).  After

24  notifying the LWDA, the employee is then required to give the employer notice and opportunity

25  to "cure the alleged violation within 33 calendar days of the postmark date." Section 2699.3(c)(2).

26  If, after 33 days, the employee disputes that the employer has cured the violation, the employee

27  must provide additional written notice to the LWDA.  *Id.* at (c)(4).  The agency then has another

28  17 days to respond.  *Id.*  Only after the LWDA then "determines that the alleged violation has not

occurred" or "fails to provide timely or any notification to the employee" may the employee file a civil suit.  Section 2699.3 was added to PAGA by Stats. 2004, c. 221 S.B. 1809, Section 4, in order to give employers additional procedural safeguards against potentially frivolous PAGA claims.  *See* S.B. 1809, Request for Judicial Notice, Exh. I.  As Plaintiff has not given Defendant the required noticed and opportunity to cure and further failed to plead that she gave Defendant the required notice and opportunity to cure, her sixteenth cause of action should be dismissed.

> f.   Plaintiff's Seventeenth through Twentieth Causes of Action Also Ignore the Court's Prior Order

Once again, Plaintiff takes Labor Code statute – Section 226 – and attempts to stretch it into four separate causes of action (and thus penalties).  Under California Labor Code Section 226, California employers are required to provide certain information on non-exempt employees' pay stubs.  There is only one penalty for a violation of Labor Code Section 226(a), not a penalty for each enumerated requirement under subparagraph (a).  *See* Labor Code Section 226(e) ("[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with *subdivision (a)* is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period….").

Judge O'Neill dismissed the five Labor Code 226 claims in Plaintiff's original complaint on the ground that they "lack necessary facts to demonstrate defendants' failure to satisfy section 226(a) requirements."  Here again, Plaintiff does not even attempt to allege any facts to support any of her section 226 causes of action.  She merely recites the IWC Orders and statutory language, and states Defendants failed "to provide Plaintiff and aggrieved employees a statement of wages…" "that accurately reported gross wages…" "that accurately reported the total hours worked…" "reporting the net wages actually earned…" (FAC ¶ 175),  and "showing the applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate."  FAC, ¶ 199.  These so-called facts do not show who experienced these violations, when, how, or why.  Plaintiff makes no attempt to provide even the basic facts as to these alleged violations.  This cause of action, as plead, does not meet the *Twombly* standards.

Plaintiff also improperly continues to rely on Section 226.3 as the basis for her claims.

Labor Code Section 226.3 provides for wage statements penalties to be "enforced" by the "Labor Commissioner." Judge O'Neill stated:

> Ms. Jeske's rejection of section 226(e) in favor of section 226.3 is curious since section 226.3 provides for civil penalties subject to Labor Commissioner enforcement …. Ms. Jeske fails to substantiate that section 226.3 prevails in place of section 226(e) and that she, rather than the Labor Commissioner, is entitled to pursue section 226.3 relief.

Order 20:20-27.  Because Plaintiff's FAC continues impermissibly to rely on Section 226.3 (rather than 226(e)), in addition to Plaintiff's consistent failure to meet federal pleading standards, Plaintiff's her seventeenth through twentieth causes of action should be dismissed with prejudice.

### C.    Plaintiff Cannot Further Amend Her FAC

In his Order, Judge O'Neill cautioned Plaintiff:

> [The Court] ORDERS Ms. Jeske …. to file and serve a first amended complaint to cure deficiencies identified in this order and to refrain from amended claims which are not viable and cannot be cured and ADMONISHES Ms. Jeske that she will be give no further opportunities to amend her complaint.

Order 28:28-29:1.  As discussed above, Plaintiff has blatantly ignored the Court's order and failed to correct the deficiencies in her original complaint.  As a result, the entire FAC should be dismissed with prejudice.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety, with prejudice.

Dated:  February 22, 2012                    MORGAN, LEWIS & BOCKIUS LLP


                                             By _____/s/_____
                                                Shannon B. Nakabayashi
                                                Attorneys for Defendants
                                                MAXIM HEALTHCARE SERVICES, INC.